# THE VILLAGE OF LEE

*v.*

## MICHAEL P. HARRIS.

*Opinion filed December 16, 1903.*

1. EJECTMENT—*ejectment does not lie to recover a mere easement.* An easement, which is but an intangible right or license appurtenant to the land and which does not include the right to possession of the land, cannot be made the subject of an action of ejectment.

2. SAME—*a city may enforce prescriptive right in a street by ejectment.* The easement acquired by a city from travel and use of land as a street for the requisite period, involves the right to exclusive possession of the *locus in quo*, and ejectment is an appropriate remedy to recover such possession.

3. MUNICIPAL CORPORATIONS—*extension of a street may be effected by user.* Extension of a street by a municipal corporation may be effected by actual prolongation of the street by travel and use of the same by the public for the requisite period, and the acceptance by the municipality of the extension thus created.

4. SAME—*acceptance of part of streets on plat is an acceptance of all.* An acceptance by a municipal corporation of some of the streets and alleys shown on a plat is an acceptance of the entire system of streets and alleys so appearing, unless an intention to limit the acceptance is shown.

5. SAME—*the immediate acceptance and use of streets is not necessary.* Immediate use by the public of all the streets shown upon a plat, or immediate formal acceptance thereof by proper authorities, is not necessary to give effect to a dedication to the public evidenced by the making of a plat sufficient for a common law dedication and the sale of lots with reference thereto.

6. SAME—*public authorities entitled to reasonable time to open and improve streets.* Public authorities are entitled to a reasonable time for opening and improving public streets as their resources may allow and the public necessity require.

7. SAME—*mere adverse possession does not bar city's right to the street.* The mere adverse possession by a lot owner of a portion of a public street does not, by virtue of the Statute of Limitations, bar the right of the public to recover possession of the street to its full width; nor is such right precluded by mere non-user, however long continued.

8. SAME—*when doctrine of equitable estoppel applies.* To estop a municipality to assert its right to possession of a portion of a street which has been allowed to remain in possession of a private party, the latter, acting in the belief that possession has been perma-

nently abandoned, must have erected structures or made such valuable improvements that to permit the city to re-possess the land would cause him pecuniary loss.

9. PLATS—*what sufficiently shows intention of owner to dedicate streets.* An intention upon the part of the owner to make a dedication to the public by his plat is shown where spaces upon the plat claimed as streets are given names, as such, on the plat, and the places claimed as alleys appear in the plat as strips between the lots in the different blocks.

10. SAME—*when an attempted vacation of plat is ineffectual.* An attempted vacation, under the statute, of a portion of a plat is ineffectual where all the owners of lots previously sold with reference to the plat did not join in the proceeding.

. 11. JUDGMENTS AND DECREES—*when an ejectment judgment may be affirmed in part and reversed in part.* Where an action of ejectment by a city is for the recovery, independently of each other, of distinct parcels of land, being portions of different streets and alleys, the judgment may be affirmed in so far as it is correct and reversed as to other matters.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

JONES & ROGERS, for plaintiff in error:

Where lands have been dedicated to public uses, the municipal corporation within which they lie, as the representative of the public, in which the right of possession is, may maintain an action in ejectment therefor. Am. & Eng. Ency. of Law, (2d ed.) p. 475, and note 4, p. 523.

Ejectment may be maintained for land dedicated to the public before the passage of an ordinance appropriating the land for the purpose specified. *Dummer* v. *Selectmen*, 1 Spencer, 86; *Chicago* v. *Wright*, 69 Ill. 318.

The immediate opening and use, by the public, of all the streets in ground laid out and platted into lots, for their entire length, or an immediate formal acceptance by some competent public authority, is not necessary to give effect to the dedication of land to the public use of a street, by the making of a town plat and the selling of lots with reference to the plat. The public authorities must be allowed a reasonable time for opening and im-

proving public streets, as their resources and the public necessity may allow and require. *Lake View* v. *LeBahn*, 120 Ill. 93; Elliott on Roads and Streets, (2d ed.) sec. 118; *Powell* v. *Gilman*, 38 Ill. App. 611.

Municipal corporations are invested with discretionary power as to when they will open up new streets. *Aurora* v. *Pulfer*, 56 Ill. 273.

A street may be widened or opened by sections. *People* v. *Hyde Park*, 117 Ill. 469.

A plat which sets apart highways to the public is equivalent to a conveyance, and the easement conveyed is irrevocable. Elliott on Roads and Streets, (2d ed.) secs. 119, 120; *Godfrey* v. *Alton*, 12 Ill. 29.

The statute authorizes the vacation of a town plat before a sale of any of the lots has taken place, but not afterwards. When others become the owners of lots within the addition, they are by that means invested with the right to enjoy the use of its streets and alleys as an incident to their property, and cannot be deprived of it in this mode. *Leech* v. *Waugh*, 24 Ill. 229.

The statute does not run against the municipality in respect to property held by it in trust for the public. *Trustees* v. *McClure*, 167 Ill. 43; *Piatt County* v. *Goodell*, 97 id. 84; *Chicago* v. *Middlebrooke*, 143 id. 265.

Mere adverse possession by a lot owner of a portion of a public street, however long continued, does not, by virtue of the Statute of Limitations, bar the right of the public to be restored to possession of the street to its full width. *DeKalb* v. *Luney*, 193 Ill. 185.

An implied dedication is one arising, by operation of law, from the acts of the owner. It may exist without any express grant, and need not be evidenced by any writing, nor, indeed, by any form of words, oral or written. It is not founded on a grant, nor does it necessarily presuppose one, but it is founded on the doctrine of equitable estoppel. Elliott on Roads and Streets, (2d ed.) sec. 123; *Waugh* v. *Leech*, 28 Ill. 488.

CARNES, DUNTON & FAISSLER, for defendant in error:

The action of ejectment does not lie for a mere right of way. (*Northern Turnpike Co.* v. *Smith*, 15 Barb. 355.) Nor can ejectment be brought for a mere easement in any case. (*Child* v. *Chappell*, 9 N. Y. 246.) This rule is upon the principle that ejectment only lies for something tangible,—something of which possession may be delivered by the sheriff to the plaintiff,—which is the general doctrine. Neither will the action lie for an incorporeal hereditament. Tyler on Ejectment and Adverse Enjoyment, 41; *Black* v. *Hepburn*, 2 Yeates, 331.

At the common law, ejectment will lie only for corporeal hereditaments, or things tangible on which an entry can be made or of which the sheriff can deliver possession. 1 Shinn on Pl. & Pr. 249.

Ejectment will not lie in favor of a party to try his right to enjoy an easement, neither will it lie against one claiming an easement in land to try his right to enjoy it. The reason is, the very subject matter of controversy is incorporeal. *SanFrancisco* v. *Grote*, 120 Cal. 59.

The above case involved the rights of a municipality and an individual. The authorities are quite fully collected. The case of *Chicago* v. *Wright*, 69 Ill. 318, is discussed and distinguished, and the conclusion is reached that whatever might be the rule in case of a statutory dedication, ejectment will not lie under any authority for an easement claimed under a parol dedication and user.

In order to make a complete dedication of streets and alleys by the making, acknowledgment and recording of a town plat, the acceptance of the municipal corporation is necessary. Until acceptance the fee does not vest in the corporation. *Hamilton* v. *Railroad Co.* 124 Ill. 235.

The doctrine of estoppel by reason of selling lots is recognized in many cases in favor of private owners, but it is not held to operate in favor of the municipality unless it is proven that the municipality had accepted. *Woollacott* v. *Chicago*, 187 Ill. 504.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiff in error village brought an action of ejectment against defendant in error to recover premises as follows: That part of East street lying between blocks 3 and 4 and the south fifteen feet of East street and the alley lying adjacent to and south of blocks 3 and 4, all in Hinckley & Boyles' first addition to the village of Lee; also that part of First street lying between blocks 12 and 14 and between block 13 and lot "A," in the original town of Lee; also that portion of "D" street lying between lot "A" and out-lot "F," in the original town of Lee, being the south end of "D" street; also that part of "B" street lying adjacent to and west of blocks 12 and 14, in the original town of Lee; also the part of Third street lying between "C" street and the railroad across block 5, in the original village of Lee, and also of the alley between lots 1 and 2, in block 13, in the original village of Lee. A jury was waived and the cause was heard by the court. The defendant in error was found guilty of unlawfully withholding the premises last and next last above described and found not guilty as to all other parcels. The village sued out this writ of error, and both parties have assigned errors.

The grounds of defense were, first, that neither the plat of the original town nor the plat of the addition thereto was acknowledged in compliance with the statute in force at the times of their execution, respectively, and for that reason the village did not become invested with the fee to the streets and alleys; second, that even if the plats were sufficient to show a common law dedication, the village did not accept the dedication of the particular parts of the streets and alleys here involved, and consequently possessed no interest or right whatever in them; third, that it does not appear from the plat that Third street, as platted by the proprietors, extended from "C" street across block 5 to the railroad, and that the only right or interest claimed or proven (if any) in

that area is a mere easement in the public arising from the alleged use of the same as a passageway or road for thirty years, and that the action of ejectment will not lie to recover a mere easement.

The right of a city or village which possesses the fee to the streets and alleys to maintain an action of ejectment against one who has intruded upon or occupies any portion of a street or alley seems never to have been doubted, but where the fee remained in the proprietor of the abutting property that fact was thought to present a technical objection to the successful prosecution of the action. The right to the possession, use and control of all highways, including streets and alleys, rests primarily in the State in its sovereign capacity, and the State having, by the express grants set forth in various subdivisions of section 1 of article 5, chapter 124, entitled "Cities," etc., (1 Starr & Cur. Stat. 1896, p. 689,) vested in the cities and villages of the State the possession, use and control of their respective streets and alleys, the right of possession, use and control is regarded by the courts as a legal and not a mere equitable right, and in that view no cause or reason exists why the action of ejectment may not be maintained though the city or village has not the legal title to the street or alley. (*City of Chicago* v. *Wright*, 69 Ill. 318; 10 Am. & Eng. Ency. of Law,—2d ed.—475; *Methodist Episcopal Church* v. *Hoboken*, 33 N. J. L. 13; *Klinkener* v. *McKeesport*, 11 Pa. St. 444.) A city or village may therefore resort to the action of ejectment to regain possession of any part of a street or alley which may be unlawfully withheld from it.

The plaintiff in error village claimed that for more than thirty years the public had continuously, and with the knowledge and acquiescence of the owner of the fee, and with the claim of right, traveled over and used, as a part of Third street, the lots or parts of lots in block 5, in the original village, situate between the west line of the intersection of Third and "C" streets and the railroad,

and that by prescription said Third street as a public highway had been extended and continuously used for said period of time by the public as a street, and that the same had been in the possession, use and control of the said village as a street for said period of time, and that the defendant in error had erected a platform, scales and other obstructions upon the area of the street so ex· tended. The court held this contention to be sustained by the proof to the extent such area was shown to have been actually used, and awarded judgment accordingly that defendant in error was guilty of unlawfully withholding that portion occupied by his platform, scales, etc. Defendant in error insists that this recovery is for a mere easement,—an incorporeal hereditament,—and cites authorities to support his further contention that the action of ejectment cannot be maintained for an easement.

An easement, which is but a mere intangible right or license appurtenant to land, and does not include the right to the possession of the land, cannot be the subject matter of an action of ejectment, for the reason there is nothing tangible on which the writ of restitution could operate,—nothing which the sheriff can take under such a writ and deliver to the plaintiff in the action. But the *locus in quo* here is an extension of Third street. The village, by virtue of the seventh subdivision of section 1 of said article 5 of chapter 24, entitled "Cities," possessed the power to extend its streets, and became vested, by virtue of the various grants of power enumerated in said section 1, with the right to the exclusive possession, use and control of any street so extended. We see no reason why the extension of a street may not be effected by the actual prolongation of the street by travel and use of the same by the public for the requisite period, and the acceptance by the village of the public way thus created as an extension of the street.

But it is contended that the right remains but an easement, and that ejectment cannot be maintained for

that reason.    It is a public easement, and the possession
thereof is exclusive of any interference by the owner of
the fee for its improvement, regulation or enjoyment as
one of the streets of the village.    Such right of posses-
sion is in the village by force of the statute.    It is not a
mere intangible right or license, but is a legal right to
the actual and exclusive possession of the *locus in quo*,
and the action of ejectment furnishes an appropriate
remedy, it seems to us, for the recovery of such posses-
sion.    In *Hoboken Land Co.* v. *Hoboken*, 36 N. J. L. 544, it
was said: "Where the public easement is such that pos-
session, exclusive, of any interference by the owner of
the fee, is essential for its improvement, regulation and
enjoyment, the only appropriate action to obtain the
possession is ejectment."

It is contended by the defendant in error that neither
the acknowledgment of the plat of the original village
of Lee, nor the acknowledgment of the plat of the addi-
tion thereto, in which the streets and premises here in-
volved are located, was in conformity with the statutes
in force at the time of the execution and acknowledg-
ment of such plats, and that there was, therefore, but a
common law dedication of the streets and alleys, and
that proof was lacking of the acceptance by the village
of those parts of the streets and alleys here involved.
The further contention in the same behalf is, that in the
absence of an acceptance the plats are but a mere offer
of dedication, and that the village has no legal right of
possession or other legal interest in the streets or alleys,
or parts thereof, which have not been accepted.

It was abundantly proven, and, as we understand it,
was not disputed, that the village accepted a number of
the streets and alleys in both the original village and
the addition thereto, and opened the same up to public
use, and maintained the same for the use of the public,
as streets and alleys of the village.    But it is insisted
that an acceptance of some of the streets and alleys of

a plat does not constitute an acceptance of the whole, and that proof of the acceptance of a part is not sufficient to vest the village with right to the use, possession and control of all the streets and alleys shown on a plat. We do not so understand the law, but, on the contrary, hold the true rule and doctrine to be, that an acceptance by a city or village of some of the streets and alleys appearing on a plat is an acceptance of the entire system of streets and alleys so appearing, unless the intention to limit the acceptance is shown. In *Village of Augusta* v. *Tyner*, 197 Ill. 242, we said (p. 246): "It is true that a street may be accepted in part and the remainder rejected, if it is proved that such was the intention of the public authorities. An acceptance of some of the streets named in a plat will not constitute an acceptance of the whole, if it is shown that there was an intention to limit the acceptance." There is no proof in this record that the village declined to accept any portion of either plat, and that being true, the acceptance of a part was an acceptance of the whole plat. The immediate opening and use, by the public, of all the streets in ground laid out and platted into lots, for their entire length, or an immediate formal acceptance by some competent public authority, is not necessary to give effect to the dedication of land to the public use, of a street, by the making of a town plat and the selling of lots with reference to the plat. The public authorities must be allowed a reasonable time for opening and improving public streets, as their resources and the public necessity may allow and require. *Town of Lake View* v. *LeBahn*, 120 Ill. 92; Elliott on Roads and Streets, (2d ed.) sec. 118, p. 138, and cases there cited.

There is no force in the contention that the plats are insufficient to show an intention on the part of the proprietors thereof to dedicate to the public use the spaces claimed to be streets and alleys. The strips shown upon the plats and claimed as streets are given names, as

such, on the plats. The spaces claimed as alleys appear upon the plats as strips between the lots in the different blocks, and, we think, sufficiently manifest the intention of the proprietors of the plats. In *Clark* v. *Mc-Cormick*, 174 Ill. 164, we said (p. 170); "It was not necessary that a declaration, either oral or written, should be established in order to show it was the intention of the proprietor to dedicate the strips to such uses. Such intention may be established in any conceivable way by which it may be made manifest. A survey and plat alone are sufficient to establish a dedication, if it is evident from the face of the plat it was the intention of the proprietor to set apart certain grounds for public use."

There was some proof produced relative to an attempt made by the defendant in error and one Bridget Kennedy, on the 15th day of April, 1885, to procure a vacation, under the statute, of a portion of the plats, including some of the premises here involved. Counsel for defendant in error, in their brief, however, say that they do not contend that the attempted vacation was in compliance with any law. Before this attempted vacation, lots shown on said plats had been sold, and the owners of all the lots in each of the plats did not join in the attempted vacation. Such attempted vacation did not, therefore, become effective. (3 Starr & Cur. Stat. 1896, chap. 109, sec. 6, p. 2964.)

The fact that a number of the streets and alleys had never been improved by the village and had been for some years within the enclosure of private persons had no potency to defeat the action of the village. Whether the interests of the public require that a street or alley shall be improved or that repairs thereon are necessary is committed to the judgment and discretion of the governing board of the city or village. Mere adverse possession by a lot owner of a portion of a public street, however long continued, does not, by virtue of the Statute of Limitations, bar the right of the public to be restored to possession of the street to its full width. (*City*

*of DeKalb* v. *Luney,* 193 Ill. 185.) Mere non-user of a street or alley, no matter how long continued, does not deprive the city or village, as the representative of the public, of the right to take possession thereof and improve the same. The doctrine of equity that a city or village may be deemed estopped, under some circumstances, to assert a right to the possession of a portion of a street or alley which has been permitted to remain in the possession of a private person, has application only when such private person, acting on the faith of the belief that the street or alley has been permanently abandoned by the munici·pality, has, with the acquiescence of those representing the municipality, (as was said in *City of DeKalb* v. *Luney, supra,*) "erected structures on the street, or made improvements thereon of such lasting and valuable character that to permit the public to assert the right to re-possess itself of the premises would entail such great pecuniary loss and sacrifice upon the private property holder that justice and right would demand that the public be estopped." No such state of case appeared with reference to any of the premises here under consideration. The finding of the court was, that an easement of passage and use as a street or highway situate over the lots in block 5 of the original town, between the intersection of "C" and Third streets and the railroad, had been established by the evidence; that an extension or prolongation of Third street had been thus effected, and that the village had accepted the same, by user, as part of Third street, and that defendant in error had placed and was maintaining in the traveled way of the street as so extended, a platform and scales, and that he was guilty of withholding that portion of the extension of Third street occupied by said platform and scales; and the court also found that the defendant in error had erected a shed, the east end whereof extended four and six-tenths feet into the alley between lots 1 and 2, in block 13, of the original town.

Much testimony bearing upon the facts involved in each of these findings was produced, but there is but little conflict in the proof. Prior to 1871, before the original plat of the village was executed, two buildings stood, one on either side of the space now declared to constitute the prolongation of Third street. The public passed between these buildings to and from the depot of the railroad, using the same as a public road. After the making of the plat the public traveled over the passageway as before, and it came into use as a prolongation of Third street and constitutes one of the principal parts of that street. It reached the railroad tracks where a plank crossing had been put in to accommodate the passage of teams, vehicles and pedestrians, and the railroad company maintained a sign there warning travelers to "look out for the cars." A sidewalk ran along the south side of the extended street when defendant in error placed his platform and scales in the traveled way. Defendant in error petitioned the village to construct this sidewalk and assisted in building it, and the village board, at his request, at other times made repairs, filled holes, etc., therein. The evidence shows the traveled way became, in fact, an extension of Third street from "C" street to the railroad tracks, and had been used as such for more than twenty years after the organization of the village. It is insisted it was, however, a mere permissive use or license from the owners of the soil. The trial court was justified in holding to the contrary. The use by the public was with the acquiescence and knowledge of the owners. It was exclusive and uninterrupted, and the proof indicated an intention on the part of the owners to dedicate the premises to the use of the public as a prolongation of Third street. We also find the holding of the trial court that the shed protruded in the alley between lots 1 and 2, in block 13, supported by the proof.

It appears from the rulings made in passing upon the propositions of law, that the court held the view that

while user by the village authorities of a street or alley evidenced an acceptance of the dedication, still the acceptance was limited to the extent of the user. Influenced by this conclusion the court denied to the plaintiff in error village the right to recover the different parts of the streets and alleys to which the user had not extended and as to which the verdict for the defendant in error was entered. As we have seen, the acceptance of some of the streets and alleys shown on a plat, or parts of such streets and alleys, is an acceptance of the entire system of streets and alleys appearing on the plat, unless an affirmative official declination of the remaining streets and alleys is shown. There was no proof that the village elected to limit its acceptance, and the court was in error in holding that the dedication of any part of any street or alley shown on either of the plats, the original or the plat showing the addition to the village, had not been accepted. The action was for the recovery of distinct parcels of land,—parts of different streets and alleys. The recoveries sought were independent each of the other. The judgment may therefore be affirmed in so far as it is correct and reversed and remanded for a new trial as to the other matters involved. (3 Cyc. 447, 448.)

The judgment adjudging the defendant in error guilty of unlawfully withholding that part of Third street, as extended across block 5 in the plaintiff in error village, which is occupied by the defendant in error by a platform, scales, etc., and also guilty of withholding that part of the alley between lots 1 and 2, in block 13, in the original village which is occupied by the projection of a shed to the distance of 4.6 feet on the south side of said alley, is affirmed. In all other respects the judgment is reversed, and the cause will be remanded for such other and further proceedings as to law and justice shall appertain. The costs will be taxed to the defendant in error.                *Affirmed in part and remanded.*