CITY OF JACKSONVILLE, a municipal corporation, JACKSONVILLE TERMINAL COMPANY, a corporation, *Appellants,* vs. N. B. GILLER and CHARLES GILLER, *Appellees.*

135 So. 549.

Division B.

Opinion filed June 23, 1931.

94

*Austin Miller, Emmet Safay,* and *Julian Hartridge,* of Jacksonville, for Appellants.

*Zacharias, Sabel & Reinstine,* of Jacksonville, for Appellees.

PER CURIAM.—In this case an interlocutory injunction was granted to protect the alleged possession of certain real estate and buildings occupied by complainants and held under a lease. Such injunction was granted without notice and upon motion made after its service upon the defendants the court refused to modify or dissolve it. Two of the three Circuit Judges of Duval County participated in these proceedings and heard the facts. Their conclusion 'that an injunction *pendente lite* should be awarded and kept in force is sought to be reversed by this appeal.

The real controversy in the case is whether or not the City of Jacksonville and the Jacksonville Terminal Company were attempting to invade and take unlawfully certain real property from the possession and occupancy of complainants. Complainants asserted possession and right to the possession of the disputed property under a lease for a term of years from the alleged owner of the property described in the lease. The defense of the City is that the property involved, which the City wished to use

for the construction of a city viaduct, was not a part of the property covered by the lease. On the contrary, the City contends that it was a part of the city street. Nevertheless, complainants urgently maintained that they were in the actual possession of the disputed parcel of land and that certain buildings occupied by them were located on the disputed land.

To decide such question as is involved requires a determination of what was the character and extent of complainants' possession. The piece of land to which the injunction applied and the buildings thereon were actually occupied by the complainants, so they alleged in their bill. Whether this was the same land that the city insists is a part of the street or is a part of the land covered by the lease, is the controlling fact. It seems to be undenied that complainants did have a valid lease which may or may not have covered the disputed land and buildings. It is certain, also, that the City lays claim to the legal right to commit the acts enjoined which the complainants say would, if allowed, be committed upon the lands described in the bill of complaint and in the lease. The injunction granted described the same lands as were described in the bill of complaint and in the lease.

So it sufficiently appears that at the time the injunction was obtained the complainants then claimed title and right to possession of what they alleged they were actually occupying and using, whether justifiably so or not, under the lease.

Notwithstanding this fact, it appears that the City authorities were attempting to interfere with and appropriate to the purposes of the City, the disputed land and to destroy a part of the buildings located thereon. This was admittedly on the theory that such land and buildings, as the acts were being committed on, were not covered by the lease. On the other hand, if these lands were covered by the lease, the city admittedly had no right to interfere without condemnation proceedings.

Had the City of Jacksonville taken cognizance of the claim of the Gillers and brought an ejectment suit to settle the question of title as well as the right of possession which they adversely asserted to the particular land in controversy, one of the issues which would have been permissibly within the scope of such a proceeding would have been the *fact* of the Gillers' possession of the *particular* parcel of land sued for. This fact the Gillers could have put in issue by a proper plea and had it tried by a jury. See Section 5044 C. G. L., 3236 R. G. S. par. 2.

So the question of whether or not the appellees here were occupying a part of the city street or were occupying their own property under their admittedly valid lease to the property described in such lease, was a question which the Gillers had the constitutional right to have settled by a jury trial. This would be so whether they were right or wrong in their claim.

At such jury trial the defendant Gillers would have been permitted to prove what, if any land, they were occupying; what if any land they had the right to the possession of; and to show that the particular piece of land the city contended was a part of the street, was not so in fact, but was a part of the property covered by the lease.

Thus the real controversy was substantially one of title and boundaries to real estate and on this question the Gillers had the right to a trial at law. To protect this right and to prevent the interference with their actual possession which was alleged to support such a right, the Gillers were entitled to an injunction *pendente lite,* at least until the court could determine on its merits the allegation of complainant that the circumstance of his alleged actual possession and occupancy existed as claimed in the bill.

Under the Constitution, if complainants were in peaceable possession of the disputed land which the city attempted to interfere with, without establishing its right to possession by due procedure of law, whether complainants'

actual possession was warranted in law or not, the complainants were entitled to have the officials of the city restrained from interfering with them without recovering possession in the manner provided by law. Therefore, complaniants were entitled to the remedy of injunction, both temporary and permanent, to protect such possession as they actually had.

The action of trespass in such cases is not a plain, complete and adequate remedy at law, because it might require a multiplicity of actions to successfully recover for the damage done by repeated acts of usurpation over the land involved and a continued interference with and destruction of complainant's business and the occupancy of the buildings involved.

The rule in such cases has been already laid down in the case of Morgan v. City of Lakeland, 90 Fla. 525, 107 So. 269, where this court said:

"While it is well settled that an injunction will not be granted where a remedy at law is adequate, yet, where the remedy at law is not full, complete and adequate, or where complete relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance and give relief, if it can be done in accordance with recognized principles of chancery jurisdiction. McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 South. Rep. 90; Rentz v. Granger & Lewis, 64 Fla. 445, 60 South. Rep. 221; Gordon v. Clarke, Admr., 10 Fla. 179; Carter v. Bennett, 6 Fla. 214.

"The allegations of the bill, which are admitted by the demurrer, state a case within the cognizance of a court of equity upon the ground that the law does not afford a full, complete and adequate remedy. * * *"

The temporary injunction without notice was properly issued and no error has been made to appear in the Court's refusal to modify or dissolve it.

In so holding we do not presume to decide the merits of the suit which may on final hearing disclose that the bill was based on a mere *claim* by complainants of possession of the disputed property, rather than on actual possession

which they were entitled to have protected and preserved in *status quo* by an injunction to restrain an unlawful interference with the complainants by the action of the City officials in taking the law into their own hands. Municipalities have no greater right to ignore orderly processes in such matters than are possessed by individuals or corporations.

In so far as complainants' legal rights under the lease were concerned, they were not in doubt or dispute. The question was whether complainants' admitted rights under the lease were being applied to property the lease did not in fact cover.

Since the complainants sufficiently alleged they were actually occupying the disputed area, the City was without justification in attempting to interfere by force with such established possession.

The decrees appealed from are affirmed.

WHITFIELD, P.J., AND TERRELL, AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.