MARION COUNTY, a political subdivision, and SILVER SPRINGS PARADISE COMPANY, a Delaware corporation, *Appellants,* vs. W. C. RAY *and* W. M. DAVIDSON, *Appellees.*

144 So. 845.

Decision filed October 22, 1932.

Petition for rehearing denied December 13, 1932.

R. L. *Anderson*, R. L. *Anderson, Jr.*, E. H. *Martin* and *Francis B. Winthrop*, for Appellants;

H. M. *Hampton*, F. R. *Hocker* and S. *Whitehurst's Sons*, for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said decree of the Circuit Court be and the same is hereby affirmed without prejudice to the rights of the parties with reference to the title of the locus in quo.

Affirmed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.

DAVIS, J. (Concurring).—The equitable right asserted by the bill was based on the principle decided in Brown v.

Florida Chautauqua Assoc., 59 Fla. 447, 52 Sou. Rep. 802, and not on the principle sustained in Giller v. Jacksonville, 102 Fla. 92, 135 Sou. Rep. 549, therefore the bill for injunction was properly dismissed when complainant failed to establish the equitable right claimed in the bill.

## ON REHEARING.

PER CURIAM.—This cause is before us on a petition for rehearing. On October 22, 1931, we affirmed the final decree, without prejudice to the rights of the parties with reference to the *locus in quo*. The petition for rehearing is addressed to that affirmance.

The bill in substance alleged the existence of a particular road, its public character, the supervision and control of it by the County of Marion under legal authority, and its actual use by the public. It was also alleged that on May 29, 1930, the appellees, Ray and Davidson, had constructed a fence at two points across the alleged roadway. The roadway alleged to have been so obstructed extended from the Ocala-Daytona Beach highway to property of Silver Springs Company.

The County Commissioners of Marion County in filing the bill in the first instance, prayed for a temporary writ of injunction, which was granted.

The original bill of complaint upon which that injunction issued, was filed by the County Commissioners as sole complainants. Ray and Davidson were sole defendants. The predicate, and the only predicate, laid in that original bill, for relief of the character sought, against the particular defendants then brought into court, was that a public road, of which the County Commissioners had obtained jurisdiction and control as a public road, under the statutes, had been and was being, unlawfully and without authority obstructed by the defendants, Ray and Davidson.

Ray and Davidson, the defendants, by answer, specifically denied all the essential allegations of facts set up as a basis for the complainant's right to the relief sought. The denial included a specific negation of the existence of any such public road as the bill of complaint had described. The answer in terms denied "that the said road had been so in existence and used and is a public road, as the same now appears upon the ground, insofar as, and if, it is intended to allege that said road appears upon the lands" of the defendants along the north quarter-section line of the south quarter of section six, and of section one, mentioned.

Reduced to its last analysis, the answer of Ray and Davidson was to the effect the defendants admitted placing certain barriers or obstructions as complained of, but denied that such obstructions were so placed that they in anywise interfered with any public road of which the Marion County Commissioners had jurisdiction, or that there was any such road as that described in the bill, in existence where the obstruction had been placed, as charged.

The temporary injunction prayed for was granted. It was mandatory in character, but was expressly conditioned, however, that in the event the bill should be later dismissed, that the complainant County Commissioners would restore the property to the condition that it was in at the time the injunction order was signed.

The answer of Ray and Davidson also embraced a counterclaim. This was in substance and to the effect that another party, Silver Springs Paradise Company, were the real complainants as to the obstructions, and that defendants Ray and Davidson, were entitled to have them made parties for purposes of affirmative relief. The counter relief sought was principally an injunction against the complainant and Silver Springs Paradise

Company, and its privies, to prevent them interfering with the lands of the defendants Ray and Davidson, or any use by them of such lands for road purposes under the claim that it was a public road. This counterclaim was answered by the cross defendants.

But upon all the pleadings the controlling issue remained essentially the same,—namely, that there was in existence at the time the original bill was filed, no public road *of the character described by that bill,* therefore no basis for the relief sought in the principal suit. Such continued to be the issue upon which most of the evidence was taken. And upon the failure to maintain the burden of proof as to that issue the final decree of dismissal of the original bill was made to turn.

The relief sought related throughout the case to an asserted public right of the County of Marion and its duly constituted Board of County Commissioners to be awarded an injunction mandatory in character to prevent the defendants Ray and Davidson from obstructing an alleged public road or highway then claimed to be in existence on the ground and being of the particular character described in the original bill.

An amendment to the original bill was allowed and made after the evidence was taken. But it was proposed by the complainant, and allowed to be made, solely upon the representation that it was not intended as the institution of a new suit, but merely as a means of correcting previous pleadings in the cause so as to conform to the situation as attempted to be presented by the proof. Indeed the allowance of such an amendment would have been error if it had done more than this. See Palm Beach Estates vs. Croker, 106 Fla. 617, 143 Sou. Rep. 792; Guggenheimer v. Davidson, 62 Fla. 490, 56 Sou. Rep. 801.

The unlawful obstruction of a public highway is a pub-

lic nuisance that may be redressed by appropriate judicial proceedings at the suit of proper governmental authorities. If the remedy at law is inadequate, equity will afford appropriate relief. And such relief should be had through the proper public authorities in every case where there is an alleged unlawful obstruction in a public highway that merely interferes with the right of passage that is common to all, and it does not appear that such obstruction specifically or peculiarly injures the property rights of the individual complainant. Brown v. Florida Chautauqua Ass'n., 59 Fla. 447, 52 Sou. Rep. 802.

While any person whose property rights are specially injured by an unlawful obstruction in a public highway may have the aid of a court of equity in removing the obstruction when the remedy at law is inadequate (Lutterloh v. Cedar Keys, 15 Fla. 306), the present case was brought in the name of the County Commissioners of Marion County to remove as a nuisance an alleged obstruction of a public highway said to be in existence at the time the bill was filed, from a point on the Ocala Springs Highway to the east line of Section 6, township 15, South of Range 22 East, and along the north quarter section line of the south quarter of said Section 6, and of Section 1, in said Township 15, South of Range 22, East, in Marion County.

The existence of any such public road at the place described was specifically denied by the answer. Voluminous testimony was taken pro and con on that issue. The Chancellor found against the County on the evidence and in effect held by his decree dismissing the bill at final hearing, that the obstructions which had been erected by the defendants Ray and Davidson, at the places where it appeared that they had been erected, did not

constitute any obstruction of such a public highway as that described in the complainant's bill.

No other question was involved. The decree of dismissal was determinative of no other proposition than that the complainant County Commissioners had failed to sustain the allegations of their bill by proof sufficient to overcome the denials contained in the defendants' answer. For that reason we affirmed the decree appealed from without prejudice to any rights which otherwise may exist or be made to appear.

The rights of Silver Springs Paradise Company, and of the cross defendants, if any they have, are in nowise passed upon in this case, since the decree of dismissal of the original bill ignored the alleged cross complaint and in effect dismissed it as well.

The present case was brought, as has been said, by the County Commissioners acting for the public, under authority of their right to do so as decided by us in Brown v. Florida Chautauqua Ass'n., *supra*.

The relief contemplated in such a suit as that authorized under the authority just cited is more than a mere preservation by injunction of the *status quo*.

In cases of the character authorized to be brought under the rule which permits public wrongs to be redressed at the suit of public officials, such as that a public highway has been obstructed under such circumstances as to constitute a public nuisance, which should be redressed by a mandatory injunction abating it by removal of the obstruction, the relief contemplated to be authorized is substantial and permanent, as well as final in character. Therefore, in every such case it must be alleged and proved as in ordinary cases, *secundum allegata*, that some specified public right has been violated and that relief of a final and permanent character should

be awarded declaring and protecting it as against the acts or conduct of the defendants.

The proof in this instant case was not of that clear import and tendency which is essential to warrant an appellate court in reversing, on the weight of the evidence, a final decree dismissing the complainant's bill because of insufficiency of proof of the doing of the wrong complained of, i. e., that a *public* highway of the description set forth in the bill had been obstructed as complained of.

The weight of authority is to the effect that the right of a county to the use, possession and control of an established highway is to be regarded as a legal and consequently not a mere equitable right. Because of the legal nature of a county's right to possession of land constituting a county highway, no cause or reason exists why anyone who has entered upon or occupied any portion of such a highway as belongs to the county by dedication, prescription or otherwise, may not be proceeded against by an action in ejectment for the purpose of recovering possession of that portion of the highway that has been unlawfully taken possession of by an adverse claimant, though the legal title to the underlying land be not in the county. See Visalia vs. Jacob, 65 Cal. 434, 4 Pac. 433, 52 Am. Rep. 303; Lee vs. Harris, 206 Ill. 428, 69 N. E. 230, 99 A. S. R. 176.

In this case, the defendants Ray and Davidson, with some basis tending to support their claim, assert a claim of title to the land upon which the alleged existing highway is laid out, which claim of title on their part is wholly adverse to any right whatsoever to have possession of, control or use the disputed land for public road purposes or otherwise. Only a clear showing that such a claim on the part of the defendants, Ray and Davidson, is wholly unfounded, will warrant a court of equity in

a proceeding like this, involving a mandatory injunction to abate an obstruction as a public nuisance, in adjudicating as against Ray and Davidson while in possession, the disputed legal title to the *locum* for road purposes. This is true, because a suit of this kind, as we have pointed out, is more than a mere claim to injunctive relief to preserve an existing status of things from unwarranted interference by acts of aggression being committed by one who would take the law into his own hands. It is a suit in equity that partakes of the nature of a bill to quiet the public right to a free and unobstructed use of a particular piece of land as a public roadway, as against obstructions which have been placed to interfere with the public's right to use the *locum* for highway purposes. The relief contemplated by such a suit is substantial, final and permanent in character, and therefore cannot be rested upon a claim to the *locus in quo* that is reasonably in doubt. This is according to the general rule that equity will not aid where the complainant's right to the *res* as to which the equitable relief is sought, is doubtful. Levy vs. Ladd, 35 Fla. 391, 17 Sou. Rep. 635; Sanford v. Cloud, 17 Fla. 557.

Because of the foregoing, the decree of dismissal was affirmed by us without prejudice to any question of title as between the defendants, Ray and Davidson, and the County of Marion, including any claim by the county of a property right in the use of a portion of the Ray and Davidson lands, for public road purposes, because of a claim of right thereto based on dedication, prescription or otherwise, entitling the county to claim a property right therein for highway purposes.

The final decree as entered, recited that one of the conditions of the restraining order and original mandatory injunction had been that, in the event the bill was dismissed, the Board of County Commissioners would re-

store the property to its condition as of May 28th, 1930, the date the injunction was granted. The final decree accordingly ordered the county, when it dismissed the bill, to restore the property over which the said road has been constructed, to the condition it was in on May 28th, 1930, when the preliminary injunction was granted. Complaint is made in the petition for rehearing that this part of the order, if enforced, would compel the county to remove the asphalt surface from the existing road in use so long as the injunction remained effective, and would leave the very same road with its clay surface, as constructed in 1924, and that therefore a rehearing and reversal of this part of the decree should be granted, if no other.

We do not so construe the requirements of either the preliminary injunction or of the final decree. The preliminary injunction was for the purpose of mandatorily ridding certain property of an obstruction which had been placed on it to prevent its use as a highway. The obstruction had been placed there by the defendants, Ray and Davidson, to evidence their claim of title and right to possession of the disputed roadway as against the county and the public, and to prevent the public use of lands they claimed as their own individual private property. The injunctive order which removed the obstruction opened the disputed land to public use as a county highway. The requirement that the county should place the property back as it was on the date the injunction was granted, has reference to the replacement of the obstruction and the closing of the public use which the injunctive order had thrown open. We do not construe the order as requiring the county to bodily take up the road surfacing that has been placed on the disputed area, but as merely requiring the county to reinstate the obstructions that had been placed by Ray and Davidson

to prevent public use, so that the same would be the equivalent of what was on the land in question when the preliminary injunction was granted. If defendants, Ray and Davidson, have been damaged in their lands by the addition of asphalt surfacing put on the lands by reason of the restrictive effect of the outstanding injunction prohibiting Ray and Davidson from interfering with the laying of such surface, the remedy is on the injunction bond which was evidently required to cover matters of this kind that might transpire while the injunction remained in force. A rehearing on this point is consequently not necessary.

We adhere to our previously entered judgment of affirmance, for the reasons pointed out in this opinion, which reasons are to be regarded as entering into, and being a part of, our disposition of this appeal as heretofore announced by us through our *per curiam* order of affirmance dated and entered October 22, 1932.

Rehearing denied.

WHITFIELD, ELLIS AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the conclusion.

TERRELL, J., not participating.