## RAY et al. v. MARION COUNTY, FLA.

### No. 7287.

Circuit Court of Appeals, Fifth Circuit.

June 12, 1934.

H. M. Hampton and F. R. Hocker, both of Ocala, Fla., for appellants.

D. Niel Ferguson, Wallace E. Sturgis, and L. W. Duval, all of Ocala, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Ray and Davidson, citizens of Florida, sued Marion county, a political subdivision of that state, in the District Court of the United States to recover $39,499 which they claimed to have lost from their business of transporting passengers over Silver Springs and $6,200 lost from their business of furnishing them bathing and dancing facilities and cold drinks. A demurrer was sustained and the suit dismissed mainly for want of federal jurisdiction. The declaration alleged that the county as an agency of the state had violated plaintiffs' rights under the Fourteenth Amendment of the Federal Constitution by depriving them of their property, to wit, their business, without due process of law, and by denying them the equal protection of the law. The facts alleged as the basis of that conclusion follow. Prior to May, 1930, the plaintiffs had leased or bought the lands all around Silver Springs, which together with their outlet are navigable waters, with the purpose of having the exclusive business of showing them by glass-bottomed boats and of furnishing bathing, dancing, and refreshments to patrons, and by expensive advertising they had developed a profitable business. One Porter and his associates had acquired a small tract of 110 acres a half mile below the Springs on the outlet, but cut off from the highway by the lands of plaintiffs. These desired to establish a rival resort, and began to claim that a certain neighborhood road across plaintiffs' lands was a public road, and undertook to have it improved and worked by Marion county. Plaintiffs obstructed it by fences,

but announced that they would not object to its use for purposes other than for such rival business, but Porter and the county commissioners refused to accede to that limitation, and the county, at Porter's expense and through his attorney, brought a suit in equity to enjoin the obstruction of the road, and obtained on May 28, 1930, a temporary mandatory injunction under which the obstructions were removed. The county gave a damage bond as a condition of the injunction. Pending a final trial, and over the protest of Ray and Davidson, Porter and his associates hard-surfaced the disputed road from the highway to their property and opened it to the public, running a resort in rivalry with that of Ray and Davidson, and by advertising on the highway and through solicitors did turn patronage which would have come to Ray and Davidson's place to their own, whereby Ray and Davidson lost the sums above named. On final trial, however, the injunction was dissolved and the county's bill was dismissed, and, on appeal to the Supreme Court, the judgment was affirmed on December 13, 1932; that court holding merely that a right to the injunction was not proven and that the dismissal of the bill was without prejudice to the title to the roadway. Marion County v. Ray and Davidson, 107 Fla. 124, 144 So. 845. The declaration alleges that what Porter and his associates were thus doing was known to the county, but it does not allege that the county got any profits from it or acted in bad faith or itself did anything but prosecute the bill for injunction to assert its claim to the road. The obstructions, it is conceded, were replaced. No claim is made for the use meanwhile of the roadway.

Federal jurisdiction is asserted in that a violation is alleged of the provision of the Fourteenth Amendment that no state shall deprive any person of property without due process of law or deny to any person the equal protection of the laws. The suit must be dismissed if it does not really and substantially involve a controversy arising under the Constitution of the United States. 28 USCA § 80. There must be "a federal question not in mere form, but in substance, and not in mere assertion, but in essence and effect." Cuyahoga River Power Co. v. Northern Ohio Co., 252 U. S. at page 397, 40 S. Ct. 404, 408, 64 L. Ed. 626. A federal question plainly void of merit will not sustain jurisdiction. Newburyport Water Co. v. City of Newburyport, 193 U. S. 561, 24 S. Ct. 553, 48 L. Ed. 795. Assuming without deciding that the state of Florida is to be considered as acting through her county, and that the provisions of the amendment may sometimes be vindicated by a money recovery as well as enforced in the more usual way by preventive injunction, we do not think it is possible that by asserting and litigating in a regular manner a bona fide claim to a public road the county could deprive any one of the equal protection of the laws, nor could such a procedure be a taking of property without due process of law. On the face of things there was due process, although through an error in granting a temporary injunction the use of Ray and Davidson's land was temporarily wrongly taken. If this suit were for the value of that temporary use, the necessary element at least of property taken by the state would appear, although suit on the injunction bond would be the usual remedy. All that is here sued for is the value of a lost patronage. We do not see that Ray and Davidson had any more right to this patronage than Porter did. Each had a right to offer the attractions of his place to the public in competition with the other. Silver Springs Paradise Co. v. Ray and Davidson (C. C. A.) 50 F. (2d) 356. The only wrong that Porter may have done, if in fact the road was not one which the public had a right to travel, was to induce his patrons to cross his rivals' lands. But this trespass, if the county had any part in it, is not sued for. What is claimed to have been taken is the money which the patrons spent with Porter instead of with Ray and Davidson. If by any stretch it can be said that any property right of Ray and Davidson has thereby been taken from them, Porter took it. If any one owes Ray and Davidson for the taking, it is Porter and not Marion county. The case of Cuyahoga-River Power Co. v. City of Akron, 240 U. S. 462, 36 S. Ct. 402, 60 L. Ed. 743, is much relied on by appellants, but it is not at all in point. There the city itself was about to appropriate the water rights of the complainant, which were indubitably property, without compensation, and an injunction was sought to prevent it. Nor is there any likeness here to cases in which the state or its subdivision is held to pay for property which it has wrongly taken and retained, applying the theory of an implied assumpsit. If there was a tort of any sort committed by Porter and encouraged by the county commissioners, the county, having received no direct benefit, would not be liable, for Florida counties are not suable in tort. Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372; Hillsborough v. Kensett, 107 Fla. 237, 138 So. 400, 144 So. 393. We think there is no substantial question of liability under the Constitution, and hence

no jurisdiction in the District Court; but, if jurisdiction should have been sustained, the suit must nevertheless have been dismissed on demurrer, for failure to set out any cause of action against the county.

Judgment affirmed.