J. Douglas Lorenz and Helen Lorenz, *et vir*, v. City of Hollywood.

198 So. 17
Division A
Opinion Filed October 1, 1940

*C. H. Landerfeld, Jr.,* for Petitioners.

*John W. Whelan,* for Respondent.

PER CURIAM.—In this case an interlocutory injunction was granted to protect the alleged possession of a certain wall surrounding certain premises occupied and owned by complainants. The petitioners, J. Douglas Lorenz and Helen Lorenz, joined by J. Douglas Lorenz, her husband, complainants below, filed an amended bill of complaint against the defendant, the City of Hollywood, asking that it "be perpetually enjoined and restrained from tearing down, wrecking or in any manner interfering with said masonry wall, or with the possession of the plaintiffs in and to said premises without first recovering possession in manner provided by law; that the plaintiffs be granted a preliminary injunction pending the final hearing and decision in the cause. * * *." The bill alleged that the complainants were the "owners in fee simple of the following described property situate in the City of Hollywood, Broward County, Florida, to-wit: Lots 130 and 131, of Hollywood Lawns, according to the plat thereof recorded in Plat Book 2B, page 58, of the Broward County, Florida, Public Records."

The bill also alleged that the complainants were in peaceful possession of a dwelling built on the said above described property, surrounded by a masonry wall, and that notwithstanding the plaintiffs' ownership and actual possession of said wall, the defendant claims that the eastern portion of the wall is constructed over a part of a city sidewalk, and by amended bill it was shown in spite of the plaintiff's claim of title and right of possession, the defendant forcibly attempted to demolish the wall and actually did demolish part of it until stopped by court order.

The request for a permanent injunction is based on the facts that the plaintiff is in possession and claiming title to the wall, and the attempted destruction was without authority of law and not pursuant to any legal process, violating the private, organic rights of the plaintiffs in that the question of whether or not the plaintiffs are occupying their own property or a portion of the city sidewalk is a question involving boundaries and title to land which the plaintiffs have a constitutional right to have settled by a jury trial.

The answer to the amended bill of complaint denies that the plaintiffs were in lawful possession of said premises previously occupied by the public sidewalk but admits the plaintiffs were in possession of the said wall which is construed so as to enclose within the said wall previously existing public right of way for sidewalk purposes, and that the defendant, after notice to the plaintiffs, attempted to move the obstruction to the public sidiewalk until stopped by a temporary injunction. As a counterclaim the defendant avers that the plaintiffs tore up the sidewalk on the east side of the above described lots and placed thereon a masonry wall, constituting an obstruction to said public right of way, which obstruction is a public nuisance, an unlawful obstruction of a public right of way and that the plaintiffs have, without right, invaded and obstructed the public right of way and are not entitled, in equity, to the relief and aid of this court in continuing a public nuisance, and asks as affirmative relief that a mandatory injunction be issued requiring the plaintiffs to remove the said public nuisance.

The plaintiffs moved for decree on bill and answer and to dismiss the counterclaim as a claim cognizable only at law. These motions were denied, and the plaintiff appeals, assigning as error the denial of the above motions.

The question thus presented is whether or not the defendant city can have adjudicated by way of counterclaim its claim to a mandatory injunction requiring the plaintiffs to move said wall as an obstruction to a public way, or must the city, under the above facts, resort to ejectment to try the issue of its right to possession of the land so enclosed by the wall.

The petitioners being in possession of the land under a claim of title, the remedy of the city would ordinarily be to bring an action of ejectment at law. It is stated in Marion County v. Ray, 107 Fla. 124, 144 So. 845:

"The weight of authority is to the effect that the right of a county to the use, possession, and control of an established highway is to be regarded as a legal and consequently not a mere equitable right. Because of the legal nature of a county's right to possession of land constituting a county highway, no cause or reason exists why any one who has entered upon or occupied any portion of such a highway as belongs to the county by dedication, prescription, or otherwise, may not be proceeded against by an action in ejectment for the purpose of recovering possession of that portion of the highway that has been unlawfully taken possession of by an adverse claimant, though the legal title to the underlying land be not in the county. See Visalia v. Jacob, 65 Cal. 434, 4 P. 433, 52 Am. Rep. 303; Lee v. Harris, 206 Ill. 428, 69 N. E. 230, 99 Am. St. Rep. 176."

But it is stated in Brown v. Florida Chautauqua Ass'n, 59 Fla. 447, 52 So. 802, that "the unlawful obstruction of a public highway is a public nuisance that may be redressed by appropriate judicial proceedings at the instance of proper governmental authority." See also Marian County v. Ray, *supra*. This latter case also states that a county, suing in equity to compel removal of an obstruction to a public high-

way, is not entitled to such relief where its claims are doubtful. If there is doubt as to the existence of a public easement in the form of a right of way, the county or municipality must resort to the law action of ejectment. See City of Jacksonville v. Giller, 102 Fla. 92, 135 So. 549. Where the county or municipality shows an undisputable claim to the title or possession of property, it may seek the aid of a court of equity. 19 Am. Juris., Sec. 120. See also Marion County v. Ray, *supra*. It is not necessary for the purpose of this petition to determine whether or not the city has established a clear case as to its right to possession of the sidewalk as equity here had taken cognizance of the cause for the purpose of enjoining the city's purportedly unauthorized destruction of the property of the plaintiffs. Having taken jurisdiction for any purpose, a court of equity will ordinarily retain jurisdiction for all purposes and award complete relief that finally disposes of the litigation. The rule is that equity will not enter a partial or incomplete decree. See 19 Am. Juris., Sec. 127; Dantzler Lumber & Export Co. v. Columbia Casualty Co., 115 Fla. 541, 156 So. 116, 95 A. L. R. 258; Farrell v. Forest Invest. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189, Ann. Cas. 1914B, 1211. A part of the controversy should not be remitted to the court of law. The court will retain jurisdiction to settle purely legal rights, granting legal remedies and passing on issues that are such as ordinarily are tried by a jury. Dantzler Lumber & Export Co. v. Columbia Casualty Co., *supra*.

So it is our conclusion that the order challenged is not erroneous. The parties having selected a court of equity as the forum to adjudicate their rights and presented matters of equitable cognizance for adjudication, that court

may adjudicate all rights of the parties in connection with the subject matter of the suit.

Certiorari is denied.

So ordered.

TERRELL, C. J., BUFORD, and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.