80 So.2d 455 (1955)
Richard H. KINGSTON, Jr., Petitioner,
v.
Margaret QUIMBY, formerly known as Margaret Q. Kingston, Respondent.
Supreme Court of Florida. Special Division B.
May 20, 1955.
*456 Sinclair & Nicholson and Don G. Nicholson, Miami, for petitioner's.
Harry Gordon, Miami Beach, for respondent.
DREW, Chief Justice.
We here review on certiorari an order of the trial court denying petitioner's motion to transfer the cause to the law side of the court. Respondent filed a complaint in equity to recover sums alleged to be due from the petitioner, her ex-husband.
Attached to the complaint were copies of a separation agreement entered into by the parties in January, 1950, a decree of divorce entered by a Nevada Court in May 1950, and a judgment of the Supreme Court of New York dated June 16, 1953. The judgment was alleged to be for all sums due plaintiff under the separation agreement up to April 1, 1953. Plaintiff prayed for an accounting of sums due her on each instrument and the enforcement of payments by equitable remedies.
Petitioner urges that the obligation to make payment to the wife is purely contractual and therefore is not enforceable in equity but only by a law action for breach of contract. In the divorce decree the Nevada court approved and confirmed the separation agreement and directed each of the parties "to perform each and all of the terms thereof; * * *." This language of the decree, under the rule of Solomon v. Solomon, 149 Fla. 174, 5 So.2d 265, was an order of the court for payment of the amount of alimony specified in the agreement. Therefore, basically, the complaint is merely one to enforce a decree ordering payment of alimony and the subject matter is, therefore, appropriate to invoke equity jurisdiction. Lanigan v. Lanigan, Fla. 1955, 78 So.2d 92. In so holding we have not overlooked other language in the decree which states: "provided, however, said agreement is not merged herein, but survives this decree and shall continue in full force and effect."
Arguments are advanced here based upon the laws of Nevada and New York but there is nothing in the pleadings or otherwise in the record of this cause to show reliance by any party upon any foreign law which could be controlling but which is at variance with the laws of Florida. The absence from the record of both pleading and proof of foreign law precludes our consideration of contentions in briefs based upon foreign law, see Barnes v. Liebig, 146 Fla. 219, 1 So.2d 247, 252; nor under the circumstances does the Uniform Judicial Notice of Foreign Law Act require a different result. See Lanigan v. Lanigan, supra.
Until the passage of the Uniform Judicial Notice of Foreign Law Act, ch. 25110, Acts of 1949, Laws of Florida, now sec. 92.031, F.S. 1951, F.S.A., a matter of foreign law clearly was a matter of fact to be pleaded and proved in the same manner as any other fact. Under the provisions of the Uniform Act, a matter pertaining to foreign law may become a question of law to be determined by the court. However, the Act does not operate automatically in every case. On the contrary a party intending to take advantage of its provisions by asking that judicial notice be taken of a foreign law has the obligation to give reasonable notice of that intention to the adverse parties, either in the pleadings or otherwise. Subparagraph (4) of the Act so provides. Further, a party invoking the privileges of the Act is required to have the record reveal that fact and to have the record show the authorities which will be relied upon with reference to foreign law. This procedure enables each party and counsel to select the authorities he wishes to have considered by the court, and results in a record which contains a clear presentation of the issues to assist the court in its decision. This procedure must be followed by any party desiring to assure himself of application of the benefits of the Act.
*457 This interpretation is in accordance with that given to the Act in other states where it has been adopted. Fardy v. Mayerstein, 221 Ind. 339, 47 N.E.2d 315, 47 N.E.2d 966; Cliff v. Pinto, 74 R.I. 369, 60 A.2d 704; Maccabees v. Lipps, 182 Md. 190, 34 A.2d 424; Prudential Insurance Co. of America v. Shumaker, 178 Md. 189, 12 A.2d 618; Smith v. Brooks, 154 Neb. 93, 47 N.W.2d 389; see Note (1952) 23 A.L.R.2d 1437, 1448, para. V, sec. 11. It is consistent with our views expressed in Lanigan v. Lanigan, supra. In that case we particularly noted that, under the Uniform Act, evidence in the form of Judicial Notice will not supply the "want of pleading."
The motion to transfer made by petitioner set out as a ground that the respondent had an adequate remedy at law. We have interpreted the court's denial of the motion as being made after a consideration of this ground. We point out, however, that before a cause is transferred to the law side of a court it should clearly appear in the record after appropriate motion that the court has ruled that no cause of action in equity is stated and that plaintiff has had adequate opportunity to amend to meet objections if he can do so. Only when such a proper predicate has been laid is a cause properly subject to transfer to the law side of the court.
The complaint in this cause prays for recovery upon both a Nevada decree and a New York judgment. We hold only that under the present state of the pleadings there is some basis for action in equity. We do not pass upon matters pertaining to whether some portion of the action relates solely to a law action or upon the matter of severability of an equity suit or upon the question of whether a portion of an equity action may be transferred to the law side of the court. Cf. All Florida Land Co. v. Thomas, Manor Inc., 146 Fla. 564, 1 So.2d 567; Lorenz v. City of Hollywood, 144 Fla. 324, 198 So. 17.
Certiorari denied.
SEBRING, ROBERTS and BUFORD, JJ., concur.