217 So.2d 890 (1969)
MOVIELAB, INC., a New York Corporation, Appellant,
v.
Leo DAVIS, Appellee.
No. 68-226.
District Court of Appeal of Florida. Third District.
January 21, 1969.
John W. Schumacher, Jr., Miami, for appellant.
Raphael K. Yunes, Miami Beach, for appellee.
*891 Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
BARKDULL, Judge.
The appellant, plaintiff in the trial court, seeks review of a final judgment on the pleadings for the appellee, entered by the trial court in an action whereby appellant sought to enforce a New York judgment against the appellee.
Pursuant to an action on a guaranty given in New York, a judgment was entered in favor of the appellant against the appellee [Davis], one Sidney Stein and Zodiac Films. Davis and Stein were guarantors pursuant to a written agreement. Liability arose out of a guaranty given to the appellant for obligations of Zodiac. Subsequent to the entry of the judgment in New York, the appellant instituted an action in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, seeking to recover solely against Davis on the foreign judgment. Subsequent to the institution of the suit in Florida, Movielab executed a general release to Stein, which release apparently was executed in New York. Thereafter, the defendant, Davis, was permitted to amend his answer by setting up the release of his co-judgment debtor and moved for a judgment on the pleadings. The plaintiff moved to file an amended reply to the answer, which was denied. The reply attempted to set up that by the terms of the guaranty, under which the judgment arose, it was to be construed by New York law.[1] Upon the matter coming on for hearing on the motion on the judgment and the pleadings, the court held that the release of one joint judgment debtor released all and Florida law applied. This appeal ensued. The principal point on appeal is that New York law governs and that the trial court erred in failing to follow same. We affirm.
§ 92.031, Fla. Stat., F.S.A., clearly indicates how a party may raise an issue of foreign law. This statute was not followed in the instant case. There was no attempt to raise the question of New York law by pleading. This appears to be necessary under the interpretations of this statute as given by the appellate courts of this State. See: Lanigan v. Lanigan, Fla. 1955, 78 So.2d 92; Kingston v. Quimby, Fla. 1955, 80 So.2d 455; Aboandandolo v. Vonella, Fla. 1956, 88 So.2d 282; Miller v. Shulman, Fla.App. 1960, 122 So.2d 589; Hieber v. Hieber, Fla.App. 1963, 151 So.2d 646; Cordrey v. Cordrey, Fla.App. 1968, 206 So.2d 234. In Lanigan v. Lanigan, supra, the following is found:
* * * * * *
"While this court and the lower court are required to take judicial notice of the `common law and statutes of every state * * *', Section 92.031, Fla. Stat., F.S.A., we do not think that such evidence, in the form of judicial notice, will supply the want of pleading in plaintiff's bill."
* * * * * *
In Kingston v. Quimby, supra, the following is found:
* * * * * *
"* * * under the Uniform Act, evidence in the form of Judicial Notice will not supply the `want of pleading.'"
* * * * * *
*892 In Hieber v. Hieber, supra, the following is found:
* * * * * *
"[7] If the law of a foreign state is to be relied upon as governing a given transaction it must be pleaded and proved as any other issue of fact, for the local courts will not take judicial notice of it. Kingston v. Quimby, Fla. 1955, 80 So.2d 455; Miller v. Shulman, Fla.App. 1960, 122 So.2d 589.
"In Hagen v. Viney, 124 Fla. 747, 169 So. 391, our Supreme Court said:
`It is quite true that the lex loci contractus governs the construction of this as it does all contracts, but the separation agreement sued on is valid in this state, and, being so, it is presumably valid in the state where executed which need not be alleged. In the interpretation of such contracts, the law of the state where the contract was executed is presumed to be the same as the law of the state where it was presented to be construed until shown by allegation and proof to be otherwise.'"
* * * * * *
In Cordrey v. Cordrey, supra, the following is found:
* * * * * *
"4. In the absence of specific pleading and proof of any foreign law applicable to this case, the law of Florida should obtain and control this case. (Kingston v. Quimby, [Fla.,] 80 So.2d 455; Miller v. Shulman, [Fla.App.,] 122 So.2d 589; Hieber v. Hieber, [Fla.App.,] 151 So.2d 646)"
* * * * * *
The appellant did file a memorandum of law in opposition to the defendant's request to amend his answer, which attempted to set up law of the State of New York. But, it is apparent that this would not meet the test of a pleading, which appears to be the requirement imposed by the above authorities in the State of Florida for one who attempts to seek the benefits of § 92.031, Fla. Stat., F.S.A. This statute was not called to the particular attention of the trial court in the memorandum and it appears, under the cited authorities, that until such time as one pleads reliance on foreign law he will not be permitted to contend that this law is contrary to that as it exists in the State of Florida. This would be similar to the prohibition against raising affirmative defenses in affidavits in opposition to a motion for summary judgment, when same was not raised in the pleadings. Fink v. Powsner, Fla.App. 1958, 108 So.2d 324; Mark Leach Health Furniture Co. v. Thal, Fla.App. 1962, 143 So.2d 64; Staskiewicz v. Krause, Fla.App. 1964, 159 So.2d 476; Wingreen Company v. Montgomery Ward & Co., Inc., Fla.App. 1965, 171 So.2d 408; Turf Express, Inc. v. Palmer, Fla. App. 1968, 209 So.2d 461. Therefore, we find it not incumbent on the trial judge to consider foreign law in the instant case and affirm his action upon the authority of Leo Jay Rosen Associates, Inc. v. Schultz, Fla. App. 1963, 148 So.2d 293, wherein this court said the following:
* * * * * *
"[1, 2] The determinative question is whether, when judgments have been rendered against two parties who are jointly and severally liable on an obligation, a full satisfaction of one of the judgments operates to release and satisfy the judgment rendered against the other. No Florida decisions have been furnished us on this precise question, but under established law the satisfaction of the judgment against Levin operated to discharge the judgment against Schulz, and the trial judge was eminently correct in so holding. [* * * authorities cited]."
* * * * * *
The general authorities are to the effect that a release of a joint judgment debtor is to be given the same effect as a *893 satisfaction. 30A Am.Jur., Judgments, § 1002; 49 C.J.S. Judgments § 564; Anno. 53 A.L.R. 1420, p. 1427.
Therefore, the judgment on the pleadings here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Denial of the right to file this reply has not been assigned as error nor preserved as a point on appeal. Therefore, the correctness of this ruling is not before this court. Williams v. Williams, Fla.App. 1965, 172 So.2d 488; Booker v. Lima, Fla.App. 1966, 182 So.2d 642; Snead v. LeJeune Road Hospital, Inc., Fla.App. 1967, 196 So.2d 179. It is noted that the attempted reply only sought to raise matters that went behind the judgment to the terms of the guaranty, which would not have been appropriate because the cause of action had been merged in the judgment. Sessions v. Stevens, Fla. 1847, 1 Fla. 233; Campbell v. Kauffman Milling Company, 42 Fla. 328, 29 So. 435; City of Bradenton v. Northern Investment Corporation, 121 Fla. 470, 164 So. 136; 19 Fla.Jur., Judgments and Decrees, § 98.