MATHEWS, Justice. -
This is an appeal from a decree dismissing two petitions to modify a final decree with reference to alimony. One petition was filed by the wife .to modify the final decree upwards, and the other -petition, as amended, was filed by the husband to modify the final decree downwards.
At the time the parties to this cause were married the husband was under a duty, or obligation, to pay wife number one alimony at the rate of $75 per month. Wife number two knew this. The husband was a dentist. At the time of th.e separation of the husband and wife number two they owned certain properties by the entireties. One piece of property, valued at between eight and ten thousand dollars, was encumbered by a mortgage of $3,000. This property was used by the husband as an office. He also lived in said office and had a portion of his meals there. Another piece of property, valued at $9,000, encumbered by a mortgage of $5,548.15, payable at the rate of $64.44- per -month, was occupied by the wife and-an infant child as a home. Prior to the • separation ■ this property was also *507 occupied by the husband as his home. They also owned a mortgage and note, payable at the rate of $95 per month, on which there was a balance due of $7,978.24.
In and by the final decree the defendant-husband was ordered to pay to the wife $40 in weekly payments and to pay $500 'as attorney’s’fee. In the petition wife number two alleged that the husband earned in excess of $1,000 per month with expenses of about $400 per month. In addition to the weekly payments of $40, she admitted that she had been collecting $95 monthly on the note and mortgage above mentioned; that she had lived in the home place and had used the $95 monthly payment to make the payments on the home place of $64.44 per month, retaining the remander for her own ordinary expenses. , ,
It appears that in order for the husband to keep up the payments .to wife number two, wife number one had been persuaded not to demand the monthly payments due to her and that such payments were actually in arrears at the time of these proceedings. The defendant-husband became financially involved, lost 'his credit standing, became ill and was hospitalized for several weeks. He alleged that his earning capacity had been impaired and that in order to meet his obligations all of his dental equipment had been pledged to the dental supply company for $2,285, payable $67.50 month.
The net result was that wife number two had been receiving her full amount of the weekly payments which amounted to $2,080 per year.. In addition to that s.he received a home to live in and the balance left over from the $95 monthly payments which she had received on account of the note and mortgage above mentioned. Wife number two objected to the husband keeping his office and sleeping quarters in a decent manner by having the lawn properly cared for and the premises air-conditioned. She objected to his living expenses, which included meals, laundry and other incidentals, all amounting to between $100 and $125 per month.
It may readily be conceded that each of the parties to this proceeding is in need of more money than there is to go around. No doubt wife number two could spend a larger amount of money should the husband be able to pay it, and there is no question that the husband could spend a great deal more money to modernize his office and maintain a proper standard of living, in accordance with his profession, if he had the money to do so. Need and desire are two different things. When there is not sufficient money to supply all of the desires, or even all of the needs, of the parties, they must face the actual conditions as they exist. It appears from this proceeding that wife number two is by no means destitute; that she is faring as well as her husband, and that if she could have her way, the office which also serves as a home for the husband would not be properly maintained and the husband’s standard of living would be so reduced that his income would be still further reduced to the detriment of the husband, wife and infant child. It cannot be expected that the husband can continue to practice dentistry in outmoded quarters and by further reducing his standard of living. The goose now laying the egg should not be killed for some temporary desire or need.
It is with great reluctance that we disturb the orders or decrees, of the Chancellor on questions of fact. In this case we have carefully reviewed the record and all of the testimony. In view of. the other allowances to the wife, which should not be disturbed, the petition of the husband for modification should have been granted to the extent of reducing the weekly payments (not monthly) to his wife to the sum of $25 per week until the further order of the Court.
Reversed for the entry of a decree in accordance with this opinion.
ROBERTS,.C. J., and TERRELL and SEBRlNG, JX, concur.