PER CURIAM.
This appeal is- from a final decree awarding the appellee wife separate maintenance alimony, exclusive use and possession of a jointly owned home, requiring the appellee wife to pay all charges against the jointly owned property from an alimony award of $400 per month, the possession and use of an automobile,' attorney’s fees and court costs.
The appellant has raised seven points in his brief which, when boiled down, simply take issue with the findings of the chancellor based upon the testimony and evidence submitted. He contends that the appellee wife failed to prove the allegations of her complaint for alimony unconnected with divorce (§ 65.09, Fla.Stat., F.S.A.) for the reason that her testimony and evidence were not sufficiently corroborated, and further, that such acts as were testified to by appellee and her witness fell short of such acts or conduct as would justify a decree. Likewise, the appellant contends that the award of alimony, use and occupancy of the jointly owned property, use and possession of an automobile, attorney’s fees and court costs was unsupported by the record of testimony and evidence, particularly so because, as appellant contends, it was shown that the wife had money of her own and was well able to sustain herself, pay counsel fees and court costs.
 It would serve no useful purpose for this court to reiterate the many decisions of the Supreme Court of Florida and the district courts holding that an appel *41 late court will not retry and reweigh testimony and evidence which are given before a chancellor unless it is clearly demonstrated that the chancellor has misconceived the weight and probative effect of the evidence, has failed to apply the proper rule of law or has applied an inapplicable rule of law. This the appellant has failed to demonstrate. The record before us supports the chancellor’s findings and his decree should not be disturbed. See Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663.
Accordingly, the decree appealed from is affirmed.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.