ANDREWS, Judge.
This is an appeal by the plaintiff, Loretta M. Huwer, of a final decree granting her an absolute divorce from defendant Charles A. Huwer, dividing the property acquired by the parties during their marriage, and awarding a judgment for the co-defendant, Doris T. Wilson, against the defendant, Charles A. Huwer, in the amount of $26,000.00.
The plaintiff instituted suit for divorce alleging acts of extreme cruelty and adultery by the defendant, Charles A. Huwer. The parties were married in 1934, and lived together until February IS, 1963. The assets of the plaintiff and defendant Huwer, both individually and jointly, were found to have an aggregate value of approximately $130,000.00. Doris T. Wilson was named as co-defendant, who allegedly “engaged in romances or dalliances” with the defendant *243 Huwer. The plaintiff also alleged that the defendants “entered into a scheme or conspiracy to deprive and defraud her of her proper share of the assets earned hy the plaintiff and defendant Huwer during their marriage.”
The defendant husband testified that he was indebted to the defendant Wilson in the amount of $79,000.00 for cash advanced for investment, and that the plaintiff had no interest, legal or equitable, in the $38,000.00 cash or securities valued at $15,000.00 delivered to the defendant Wilson as a part payment on the alleged indebtedness. The defendant Wilson cross-claimed for the $26,000.00 balance due on said indebtedness.
Extensive testimony was taken hy deposition and at the trial as to the grounds for divorce as well as concerning the financial affairs of the parties. All the points on appeal concern the financial and personal relationship as between the defendants Hu-wer and Wilson, and the resulting diminution of the ability of the defendant Huwer to account for his property.
The defendant Wilson’s explanation of the source of the $79,000.00 and of defendant Huwer’s management and disposition thereof and of their relationship creates a situation that appears implausible and incredulous. However, the relationship of the plaintiff and the defendant Huwer prior to their marriage discloses somewhat similar circumstances.
The court found that the plaintiff had failed to establish any conspiracy between the defendant Charles A. Huwer and the defendant Doris T. Wilson to defraud plaintiff of any assets in which she had any legal or equitable interest. The decree granted divorce on the grounds of cruelty, and set forth in considerable detail findings of fact upon which the decision was based. The court retained jurisdiction for further orders which might be necessary regarding alimony upon a showing of the necessities of the plaintiff and of the defendant husband’s ability to pay. This court will not retry and reweigh the testimony and evidence which was given before the trial court unless it is clearly demonstrated that the court has misconceived the weight and probative effect of the evidence, or has failed to apply the proper rules of law, or has applied an inapplicable rule of law.
A careful study of the record fails to demonstrate such errors as would justify disturbing the court’s decree. Joannou v. Joannou, Fla.App.1960, 117 So.2d 40.
Affirmed.
SHANNON, Acting C. J., and STUR-GIS, WALLACE E., Associate Judge, concur.