GONZALEZ, JOSE A., Jr., Associate Judge.
This is an appeal from an order denying appellant’s motion to vacate and set aside a portion of final decree of divorce wherein the wife seeks to cancel that portion of a final decree which incorporated the terms of a property settlement agreement of the parties.
On December 24, 1965, the parties entered into a property settlement agreement and on December 29, 1965, plaintiff-husband filed his suit for divorce. Service of process was had upon the wife, decree pro confesso was duly entered against her, and on January 31, 1966, a final decree of divorce was entered adopting the terms of the agreement.
This was the second divorce of the parties each from the other.
On May 6, 1966, appellant-wife filed her motion to vacate alleging that the agreement was procured by fraud, deceit, duress and coercion.
Whether the latter were present were matters of fact to be determined by the chancellor upon the evidence presented to him at the time of hearing on the motion.
Further, the burden was upon the wife to establish fraud, deceit, duress and coercion by competent evidence. Cowen v. Cowen, Fla.1957, 95 So.2d 584; Masilotti v. Masilotti, 1947, 158 Fla. 663, 29 So.2d 872; Miller v. Miller, 1942, 149 Fla. 722, 7 So.2d 9; Pemelman v. Pemelman, Fla.App. 1966, 186 So.2d 552; Hieber v. Hieber, Fla. App.1963, 151 So.2d 646.
Our review of the record discloses that the able and experienced chancellor closely and carefully examined appellant concerning her alleged grounds and concluded that there was no testimony to support them or to justify disturbing the decree.
The law is well established that the findings of the chancellor will not be lightly disturbed since they are presumed to be correct. Cowen v. Cowen, supra; Hieber v. Hieber, supra.
The order appealed from is more than amply supported by the record, and being without error it is hereby affirmed.
Affirmed.
ANDREWS, Acting C. J., and CROSS, J., concur.