JOHNSON, Judge.
This is an appeal from portions of a final decree of divorce awarding, inter alia, monthly alimony payments as well as awarding to the wife-appellee-defendant, certain real and personal property.
*776 The facts, briefly stated, show that the parties have been married for about 20 years and have three children born of said marriage: two daughters, now approximately 18 and 19 years of age, respectively, and one son now about 10 years of age. During an earlier part of their marriage, while the Appellant was in college and interning as a Doctor, the defendant wife contributed materially to the family livelihood directly by her working and indirectly through funds furnished by her step-father to the appellant, which probably would not have been so furnished except for the step-father’s interest in his step daughter, the defendant in this divorce proceedings. From the record, it appears from some letters introduced into evidence that the defendant’s conduct was not beyond reproach, but this occurred about seven years prior to the separation. There was no substantial evidence of any misconduct on her part in recent years. It does appear that the defendant did contribute materially to the plaintiff when he was preparing himself to reach the financial status he enjoyed at the time of the separation, and also subsequently thereto as a housewife and in playing a part in social circles and community affairs which indirectly, at least, had some influence on the practice enjoyed by the plaintiff. The plaintiff, on the other hand, had been very liberal in supplying his wife and family with whatever they needed or desired. Unfortunately, the mutual love, respect and desire each for the other so necessary for a harmonious marriage, seems to have evaporated. Admittedly, the plaintiff had found a new friendship, love and desire and in fact had discussed the probability of embarking upon a new marriage venture with his newly acquired lady friend. All of this had been done by the plaintiff-appellee rather openly and long before a divorce was granted. There are no questions raised as to the divorce and custody of the children.
The Chancellor went into the evidence of the financial worth of the plaintiff, his earnings and investments as well as into the defendant-wife’s needs and contributions to the family financial worth and came up with a decree fixing support and custody of the children, about which there is no complaint, and an award of monthly alimony to the wife, about which there is no direct complaint. The plaintiff’s disagreement with the final decree lies basically in the court’s award to the wife of 363 shares of stock in Investors Securities as well as certain real estate.
The decree does not specify whether the award of the stock is a lump sum alimony award or a property division settlement, and we think the Chancellor could have specified it as either and still been correct. It does not appear that the awards are such that an execution thereof would kill the goose now laying the egg, as was the case in Evans v. Evans.[1] In the case sub judice, we think the Chancellor was very liberal in his allowances to the defendant, but the awards so made do not interfere with nor diminish the earning capacity of the good Doctor in his practice, although it might reduce the lavishness with which is desired to enter into his next marital venture.
We are always very reluctant to disturb the orders or decrees of the Chancellor on questions of fact, and will not do so in the absence of an apparent abuse of discretion. We find no abuse here and therefore, the final decree appealed from is hereby Affirmed.
The appellee is awarded an attorney’s fee of $300.00 for the services of her attorney, in this appeal.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.

. Evans v. Evans, 70 So.2d 506 (Fla.1954).