PER CURIAM.
Appellants, defendants and counterplain-tiffs below, appeal a final order and judgment entered by the trial court in favor of appellees, plaintiffs and counterdefendants below.
*79 Appellees filed an amended complaint against appellants alleging, inter alia, as follows: that appellees Raymond Khachab and Sam Bush along with appellant Lawrence Watson formed a Florida corporation called Edgewater Marine, Inc., for the purposes of constructing and selling pleasure boats; that they were the original incorpo-rators, officers, and sole shareholders in the corporation, with the exception of Michael Watson who was a minor shareholder; and that, after the formation of the corporation, all of the shareholders agreed to sell the corporation for $22,000. In Count I of appellees’ complaint, they further alleged that appellants devised a fraudulent scheme to divest and deprive appellees of their interest in the assets of the corporation, in order to obtain a secret profit for themselves; that appellants represented to appellees they had attempted to sell the corporation for $22,000, but that this price was too high and no one was willing to pay it; that appellants convinced appellees to sell the corporation for $16,000 to Donald Maggin who was represented to be a legitimate third party buyer; that, in fact, Maggin was a straw party used by appellants to acquire the corporation for themselves; and that appellees agreed to the sale which occurred in September, 1972. In Count II of their complaint, ap-pellees alleged that, as a result of appellants’ conduct, they were damaged because they did not receive adequate compensation for their stock.
Appellants answered denying the material allegations of the complaint and asserted a counterclaim. The counterclaim alleged, inter alia, as follows: that all of the shareholders, except Michael Watson, were directors of the corporation; that, of the outstanding 50 shares of stock in the corporation, each of the parties owned 13^4 shares, except for Michael Watson who owned 9 shares; that two boats, which were registered individually to appellees, might constitute corporate assets, but that the corporate records did not adequately account for the boats. Further, appellants demanded an accounting for all of the corporate assets, including the two boats.
After a non jury trial, the trial court on June 19, 1975, entered, in pertinent part, the following final order:
“THIS CAUSE was tried before the Court sitting without a jury. The Court has considered the evidence presented and determined the believability of witnesses in light of their demeanor, their possible interest in the outcome of the case and the reasonableness of their testimony. Accordingly, the Court finds and determines that:
“1. RAYMOND KHACHAB and SAM BUSH, are proper party plaintiffs in this cause.
“2. That the four individual parties to the suit were stockholders in a corporation named, EDGEWATER MARINE, INC., a Florida Corporation.
“3. That the parties had agreed to sell the business and advertised one mold for $22,500.00, in a New York paper.
“4. That the defendants, having access to all incoming calls in response to the advertisement of sale, represented to the plaintiffs that one DONALD MAGGIN had offered to buy the business for $16,500.00.
“5. That they and the attorney handling the sale refused to disclose who DONALD MAGGIN was, or who he represented.
“6. That the Defendants as the operating partners of the business, threatened to quit, leave the business and go back to Atlanta unless the sale was confirmed to DONALD MAG-GIN, for $16,500.00. That as a result of the duress placed upon the Plaintiffs by the Defendants, the Plaintiffs agreed to sell the business to DONALD MAGGIN.
*80 “7. Subsequent to the sale, the Plaintiffs discovered that the Defendants were the real parties in interest with respect to said purchase and that DONALD MAGGIN was a mere straw party used for the purpose of concealing the true interest of the Defendants in the purchase. The Defendants being the directors of the corporation and having knowledge about the value of the property and the sale of the property which they had failed and refused to disclose to the Plaintiffs. And as a result of the Defendants’ misrepresentation and self-dealing the Defendants made an undisclosed profit, at the cost of the Plaintiff stockholders, in that the stock was worth a greater sum than the $16,500.00 paid to the plaintiffs.
“8. That as a result of the breach of trust of the Defendants the Plaintiffs were damaged, in that they did not receive adequate compensation for their stock.
“9. That the misrepresentation by the Defendants was willful and wanton and made in complete disregard of the rights of the Plaintiffs. That testimony offered by the Plaintiff in the evidentiary hearing placed a value of the mold alone in excess of $25,000.00.
“10. This Court finds no merit whatsoever in the claim of the Defendants against the Plaintiffs. That the boats now in possession of the Plaintiffs and the Defendants are part of the corporate assets.
“Therefore, based upon the foregoing it is
“ORDERED AND ADJUDGED
“That the Plaintiffs RAYMOND KHACHAB & SAM BUSH shall receive and recover from the Defendants, LAWRENCE WATSON AND MICHAEL WATSON, the sum of $9,000.00 together with interest thereon, at the legal rate of 6 percent per annum from September, 1972, for which let execution issue. Secondly, that the Plaintiffs shall have and recover their costs from Defendants in the sum heretofore to be taxqd against the Defendants for which let execution issue.”
Thereafter, on July 28, 1975, the trial court entered a final judgment, pursuant to the final order, including costs in the amount of $716.88. From the final order and judgment, appellants appeal.
Appellants raise the following points on appeal:
(1) Whether an officer and director of a corporation, who is also a minority stockholder in the corporation, and another minority stockholder, whose combined holdings still constitute a minority, are under a duty to disclose to majority stockholders, who are officers and directors, that an agent purchasing the entire stock of the corporation on behalf of an undisclosed principle is in fact acting on behalf of the minority stockholders, when the minority stockholders merely maintain their anonymity?
(2) Whether an officer and director of a corporation who is a majority stockholder who accepts cash in behalf of a corporation while acting as president of said corporation in the sale of a corporate asset, which transaction is not reflected in the books and records of said corporation has no duty to account for or reimburse the corporation for said funds ?
(3) Whether officers and directors of a corporation who are in possession of two capital assets of a corporation, namely, two power boats, where one vessel is carried on the books and records of the company as a capital asset to be used for resale and another vessel was transferred by the corporate director to himself after the incorporation, and where both transfers were by these officers and directors transferred to themselves without approval in a corporate stockholders’ or directors’ meeting, are under a duty to return said vessels to the corporation ?
*81 (4) Whether the defendants are entitled to a percentile in value of the company as found by the trial court and the purchase price paid by the agent, said percentile being represented by the respective shares of the defendant stockholders ?
(5) Whether a trial court may enter a final judgment, based on a final order which has been appealed prior to entry of final judgment?
We have carefully considered the record, all points in the briefs and arguments of counsel, in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. See, e. g., Fernandez v. Arocha, Fla.App. 1975, 308 So.2d 45; Solomon v. Hunt, Fla.App.1971, 243 So.2d 185; Huwer v. Huwer, Fla.App.1965, 175 So.2d 242; Marx v. Goldfinger, Fla.App.1966, 187 So. 2d 380; Midstate Hauling Co. v. Watson, Fla.App.1965, 172 So.2d 262; and 2 Fla. Jur., Appeals §§ 316, 346, and 358. Therefore, for the reason stated and upon the authorities cited, the final order and judgment appealed are affirmed.
Affirmed.