878 So.2d 449 (2004)
Betty BARBER, Appellant,
v.
Richard A. BARBER, Appellee.
No. 3D03-2078.
District Court of Appeal of Florida, Third District.
July 21, 2004.
*450 Rodriguez O'Donnell Ross Fuerst Gonzalez Williams, P.C., and Christopher B. Tillson, Miami Beach, and Mitchell S. Fuerst, Miami, for appellant.
Sophie DeMayo, for appellee.
Before GERSTEN, GREEN, and SHEPHERD, JJ.
PER CURIAM.
This is an appeal by a former wife of a final judgment enforcing a settlement agreement. The central issues below were (1) who should bear the risk of loss sustained because the value of an asset that the parties agreed, in their mediated settlement agreement, to divide in certain proportions diminished due to market conditions between the date of the mediation session and the date of the distribution of that asset; and (2) whether Ms. Barber breached the agreement by failing to provide information to Mr. Barber to enable him to complete the joint income tax returns that the parties agreed to file. After a lengthy, unnecessarily acrimonious evidentiary hearing, presided over by the trial judge with great aplomb and commendable restraint,[1] the trial court made what amounted to be an equitable distribution of the reduced value of the asset, see Florida State Turnpike Authority v. Industrial Construction Co., 133 So.2d 115, 117 (Fla. 2d DCA 1961) (holding that when a court interprets the language of a contract for intent of the parties, the court must aim "to give a just and fair construction or one which will effectuate justice between the two parties"), and reserved jurisdiction to determine the appropriate remedy for Ms. Barber's failure to provide Mr. Barber with her income tax information so that he could prepare the joint income tax return for the parties for the year 2000.[2]
Post hearing, but prior to entry of the final judgment, the parties were asked to brief the legal issue of loss since the asset had declined in value. Remarkably, the former husband responded with a "Motion for Reformation of Agreement and Motion *451 for Reconsideration," and the former wife joined in the motion, albeit belatedly. The trial court disregarded and denied these joint motions.
On this appeal, the parties persuasively argue that their marital settlement agreement was entered into as a result of mutual mistake and jointly seek rescission of the agreement, representing to this court that there is a high likelihood of amicable resolution of this matter if they are given the opportunity to renegotiate their agreement with full knowledge of the mistaken facts. Upon review, we find that the settlement agreement was entered into based upon mutual mistake. It is within the purview of a trial court to rescind a contract between parties based upon mutual mistake. Braman Dodge v. Smith, 515 So.2d 1053 (Fla. 3d DCA 1987). We further find that the trial court erred in not rescinding the marital settlement agreement on the evidence presented.
Reversed and remanded with directions.
NOTES
[1] To demonstrate the degree of acrimony, Ms. Barber's counsel at the hearing made a major issue about the form of quit claim deed that Mr. Barber signed to convey title to the former marital home to Ms. Barber, normally a simple prepared form document. Mr. Barber's attorney readily agreed to have his client sign whatever form of deed that was tendered that would fully effect the agreement of the parties. Conduct of this type ill fits the image of the bar or that of family lawyers, who should be problem-solvers and not problem creators.
[2] At the hearing, the wife also refused to represent whether or not she would sign the return if presented to her, despite her prior agreement to do so.