SILBERMAN, Judge.
Larry Moree (the Husband) appeals a final judgment of dissolution of marriage which incorporated the provisions of a mediated settlement agreement (MSA) that he entered into with Sheila Moree (the Wife). We affirm the final judgment insofar as it dissolves the parties’ marriage. However, we reverse the trial court’s ruling denying the Husband’s objection to and motion to set aside or reform the MSA and remand for further proceedings.
This case involves a long-term marriage of nearly thirty-two years. The parties had accumulated substantial assets including the marital home and various financial accounts. Before the final dissolution hearing, the parties and their counsel participated in mediation. They entered into the MSA on August 26, 2009. Nine days later, the Husband filed an objection to the MSA and a verified motion to set aside or to reform the MSA.
In his motion, the Husband claimed that negotiations before and during the mediation focused on equal distribution of the marital assets and liabilities. He stated that the parties expected to receive equivalent net value' with some adjustment to settle the Husband’s alimony claim. He alleged that due to the parties’ mutual mistake, the MSA contained errors and did not accurately reflect the value of some accounts due to tax implications. He asserted that the errors adversely affected him by over $200,000. The Husband requested reformation of the agreement to reflect the true intentions of the parties. Alternatively, he asked that the MSA be set aside because it did not reflect or achieve the parties’ intent and because he entered into it as a result of undue influence and pressure in the mediation process. The Husband’s counsel also filed a motion to withdraw and a motion to continue the final hearing scheduled for September 18, 2009. He stated that the motion to set aside or to reform the MSA caused a conflict. He asserted that he would likely be a witness and that his interests may not be aligned with the Husband’s interests.
At the start of the final hearing, the Husband’s attorney asked that the trial court allow him to withdraw and continue the trial. This would enable another attorney to represent the Husband on the motion to set aside or to reform the MSA at a later hearing. The trial court asked the attorneys to address the legal implications of the Husband’s motion to set aside or to reform the MSA. The Wife’s attorney stated that the motion did not meet the standard for duress or coercion and did not sufficiently state a claim for mutual mistake. He added that there was no mutual mistake by the parties. The Husband’s attorney argued that the motion to set aside or to reform the MSA was not scheduled to be heard that day. He asserted that an evidentiary hearing would be necessary for the court to determine whether a mutual mistake had, in fact, *207 occurred. He stated that the Husband would testify that the MSA did not properly reflect the parties’ intentions as to valuation and tax implications.- The Wife’s attorney indicated that the Wife would testify that there had been no mutual mistake.
After the trial court expressed concern as to sufficiency of the Husband’s motion to reform or to set aside, the Husband’s attorney asked for leave to amend the motion to include additional facts. The court denied leave to amend and the mo: tion for continuance, noting that the final hearing date had been scheduled months earlier. Over the Husband’s objection, the court proceeded with the final hearing and accepted the MSA into evidence.
In its final judgment, the court stated that the Husband’s objection to the MSA and his motion to set aside- or to reform the MSA failed to allege fraud, misrepresentation in discovery, coercion, or allegations sufficient under Florida Family Law Rule of Procedure 12.540. The court denied the Husband’s motion seeking relief from the MSA and denied counsel’s motion to withdraw and to continue the final hearing. The court approved the MSA, incorporated it into the final judgment, and dissolved the marriage.
On appeal, the Husband argues that his due process rights were violated because the trial court ruled on the motion to set aside or to reform the MSA when that motion was not scheduled for hearing. He next argues that the trial court erred by denying his motion without an eviden-tiary hearing. And he asserts that the court erred by denying the motion for continuance so that the motion to set aside or to reform the MSA could be resolved before the final hearing. The Wife agrees that the Husband’s motion to set aside or to reform the MSA was not noticed for hearing. But she argues that the Husband understood that the motion would have to be considered because the case was set for final hearing. She further argues that the trial court correctly denied the motion as facially insufficient. Because we conclude that the trial court erred in denying as facially insufficient the Husband’s motion to set aside or to reform the MSA based on mutual mistake, we reverse and remand for an evidentiary hearing on the motion. In light of our decision, we do not address the other issues raised by the Husband.[1]
A marital settlement agreement may be set aside when it is entered into as a result of mutual mistake, coercion, or duress. See Barber v. Barber, 878 So.2d 449, 451 (Fla. 3d DCA 2004) (rescinding marital settlement agreement entered into as a result of mutual mistake); Hieber v. Hieber, 151 So.2d 646, 649 (Fla. 3d DCA 1963) (recognizing that the issue of mutual mistake is a factual matter to be resolved based on evidence with .the burden on the party who seeks to prove “fraud, deceit, duress, coercion, or mutual mistake in the execution of the agreement”). A mutual mistake is one “where the parties agree to one thing and then, due to either a scrivener’s error or inadvertence, express something different in the written instrument.” Feldman v. Kritch, 824 So.2d 274, 277 (Fla. 4th DCA 2002).
Here, although the Husband’s motion was clearly insufficient to obtain relief based on “undue influence and pressure,” the motion adequately alleged a claim for relief, based on mutual mistake. Thus, the trial court erred in denying the motion as *208 facially insufficient. Further, because the Wife disputed the Husband’s claim, the issue must be resolved by evidentiary hearing. See Hieber, 151 So.2d at 649.
Accordingly, we affirm the dissolution of marriage but reverse the denial of the Husband’s motion to set aside or reform the MSA and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
WALLACE and MORRIS, JJ., Concur.

. We note that as to the trial court's denial of the Husband’s oral request for leave to amend the motion to set aside or to reform the MSA, the Husband did not argue error in his initial brief and made only a passing reference to that ruling in his reply brief.