ROTHENBERG, J.
In 2010, the probate court declared Idelle Stern incapacitated as a result of her advanced age and stroke-related diminished mental capacity, and appointed Comprehensive Personal Care Services, Inc. (“CPCS”) as plenary guardian over her person and her property. Mrs. Stern’s property included her interest in a trust in which the Oppenheimer Trust Company (“Oppenheimer”) served as a co-trustee. In an effort to resolve numerous adversary proceedings, the following parties entered into a settlement agreement, which was ultimately approved by the probate court: three of Mrs. Stern’s daughters, Rochelle Keveloson, Tikvah Lyons, and Joyce Genauer (collectively, “the three daughters”); Mrs. Stern’s other daughter and her husband, Judy Sugar and Dr. Sam Sugar (collectively, “the Sugars”); and CPCS. Thereafter, however, it was discovered that the settlement agreement, which contained a provision that the Sugars agreed to be released from any responsibility and to receive no benefit from any suit filed against White & Case for malpractice, inadvertently omitted a similar provision as to any litigation against Oppenheimer. The three daughters and CPCS moved for reformation of the settlement agreement, which was granted over the objection of the Sugars, and this appeal followed.
The trial court’s order granting reformation of the settlement agreement is reviewed for an abuse of discretion. Kartzmark v. Kartzmark, 709 So.2d 583, 586 (Fla. 4th DCA 1998). Because it is unrefuted[1] that the Sugars intended that *811 the settlement agreement contain the same opt-out provision regarding Oppenheimer as was included in the settlement agreement regarding White & Case, and that the omission was as a result of a mutual mistake due to a scrivener’s error or inadvertence, we affirm. See Tobin v. Michigan Mut. Ins. Co., 948 So.2d 692, 696 (Fla.2006) (holding that reformation is an equitable remedy employed when a written instrument, due to mutual mistake, does not accurately express the intent or agreement of the parties); Moree v. Moree, 59 So.3d 205, 207 (Fla. 2d DCA 2011) (finding the existence of a mutual mistake where the difference between what the parties agreed to and what the written documents state was due to a scrivener’s error or inadvertence).
Affirmed.

. The three daughters and CPCS submitted six sworn affidavits and the sworn testimony of three of the attorneys who attended the settlement conference, who all averred that *811 the omitted provision was an inadvertent scrivener’s error and a mutual mistake. The Sugars offered no evidence to refute these sworn statements.