# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-0282
LT Case No. 16-2019-DR-8540

_____

KYAN MAREK WARE,

    Appellant,

    v.

JOYLENE HALL WARE,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Lance M. Day, Judge.

John S. Mills, of Bishop & Mills, PLLC, Jacksonville, and
Jonathan Martin, of Bishop & Mills, PLLC, Tallahassee, for
Appellant.

W. Jason Odom, of Douglas Law Firm, Palatka, for Appellee.

June 14, 2024


HARRIS, J.

    Kyan Marek Ware ("Former Husband") appeals several orders from the trial court, including a Consent Order Equitably Distributing Vehicles, arguing that the trial court's finding that there was a mutual mistake in the parties' pretrial stipulation is not supported by competent, substantial evidence. We agree and

reverse on this issue. In all other respects, we affirm the orders entered below.

In 2019, Joylene Hall Ware ("Former Wife") filed a petition for dissolution of marriage, and in pretrial stipulation, the parties agreed that each would keep their own vehicle and pay any loan thereon. The stipulation was nonspecific as to what type of vehicle each party owned and would keep.

The court held a final hearing on June 30, 2021, after which it entered its final judgment which incorporated the parties' pretrial stipulation. As to the vehicles, the court awarded Former Husband sole ownership and possession of a 2010 Mercedes GLK 350 and Former Wife sole ownership and possession of a 2005 Mercedes ML 350.

Six weeks later, Former Wife filed a motion to correct final judgment, arguing, in part, that the 2010 Mercedes actually belonged to her, that the parties no longer owned the 2005 Mercedes, and that they actually owned a 2015 Mercedes ML 400. Former Husband filed a response, alleging that the 2010 Mercedes was in fact his vehicle and that there was no error in the final judgment with respect to the parties' vehicles.

During the hearing on her motion, Former Wife conceded that at the final dissolution hearing, there was no testimony regarding the marital vehicles. She further noted that the 2010 Mercedes is titled in her name, that she purchased it as a Mother's Day gift for herself, that she drove that vehicle exclusively and that it was the intent of the parties for her to keep that vehicle when they entered into the pretrial stipulation.

In contrast, Former Husband testified that Former Wife did not purchase the 2010 Mercedes as a gift to herself, but rather, they both decided to purchase the vehicle after being in a car accident with their previous vehicle. The couple alternated which vehicle they drove based on the needs of the household. Prior to the dissolution proceeding, according to Former Husband, Former Wife made clear that the 2010 Mercedes was his and she never asked for the vehicle back. Former Husband testified that it was

2

always his understanding that he would keep the 2010 Mercedes when entering into the stipulation.

Following this hearing, the court entered its order on the Former Wife's Motion to Correct Final Judgment, finding that there was a mutual mistake in the pretrial stipulation and final judgment and that the provisions in the final judgment regarding the vehicles should be set aside. The trial court then entered a Consent Order Equitably Distributing Vehicles giving the Former Wife a one-half interest in the 2010 Mercedes and sole possession of the 2015 Mercedes.

On appeal, Former Husband argues that there is no competent, substantial evidence of a mutual mistake. He points out that he testified that he always understood that he was to keep the 2010 Mercedes and that Former Wife was to keep the 2015 Mercedes. He asserts that, at most, there was a unilateral mistake on behalf of Former Wife, which is insufficient grounds to set aside the final judgment pursuant to Florida Family Law Rule of Procedure 12.540(b). We agree.

A marital settlement agreement may be set aside when it is entered into as a result of mutual mistake, coercion, or duress. *See Barber v. Barber*, 878 So. 2d 449, 451 (Fla. 3d DCA 2004) (rescinding marital settlement agreement entered into as result of mutual mistake); *Hieber v. Hieber*, 151 So. 2d 646, 649 (Fla. 3d DCA 1963) (recognizing that issue of mutual mistake is a factual matter to be resolved based on evidence with burden on the party who seeks to prove "fraud, deceit, duress, coercion or mutual mistake in the execution of the agreement"). A mutual mistake occurs when "the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument." *Feldman v. Kritch*, 824 So. 2d 274, 277 (Fla. 4th DCA 2002). "[I]f one's mistake is due to his own negligence and lack of foresight and there is absence of fraud or imposition, equity will not relieve him." *Graham v. Clyde*, 61 So. 2d 656, 657 (Fla. 1952).

Here, the parties' stipulation provided that "each party shall keep their own vehicle." The parties agreed, and the trial court's notes reflected, that no evidence was presented regarding the

vehicles at the final hearing on the petition for dissolution of marriage. At the hearing on Former Wife's motion for relief, the parties' testimonies contradicted each other. Former Wife testified that although Former Husband was driving the 2010 Mercedes after she purchased the 2015 Mercedes, she eventually asked for the 2010 Mercedes back after she learned that Former Husband purchased another vehicle. However, Former Husband stated that Former Wife never sought return of the 2010 Mercedes and that she always represented to him that the car was his. Former Husband testified that there was no mutual mistake when the stipulation was entered into and that he always understood that he would keep the 2010 Mercedes. Thus, the trial court's finding that the mistake was *mutual* is not supported by the record and was an abuse of discretion.

Accordingly, we reverse the Consent Order Equitably Distributing Vehicles. On remand, we direct the trial court to reinstate its original disposition of the vehicles pursuant to the parties' pretrial stipulation. We affirm in all other respects.

AFFIRM in part; REVERSED in part; REMANDED with instructions.

JAY and PRATT, JJ., concur.

───────────────────────────

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

───────────────────────────