# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-1268
LT Case No. 2017-CA-1570

_____

BANK OF AMERICA, N.A.,

    Appellant,

    v.

ROUMER Y. RICHEMOND a/k/a
ROUMER RICHEMOND, ROBIE
RICHEMOND, and PRESERVE at
ASTOR FARMS HOMEOWNERS'
ASSOCIATION, INC.,

    Appellees.

_____

On appeal from the Circuit Court for Seminole County.
Alan A. Dickey, Judge.

Alan M. Pierce, of Liebler, Gonzalez & Portuondo, Miami, for
Appellant.

Elroy M. John, Jr., of Elroy John Law Group, PLLC, Fort
Lauderdale, for Appellees.

May 16, 2025

PRATT, J.

    Bank of America, N.A. ("Bank") appeals the trial court's
reformation of mortgage documents and dismissal of Bank's
foreclosure claim. Because the trial court could not reform or

reinstate the mortgage agreement, we reverse and remand for a new trial.

## I.

In June 2006, Roumer and Robie Richemond obtained a home-equity line of credit from Bank and secured repayment of any advances under the credit line with a second mortgage on their personal residence. The credit line and mortgage documents collectively constitute the "HELOC Agreement." That Agreement provided the Richemonds with a 10-year "draw period" in which they could receive advances on the credit line and, at minimum, were required to pay off accrued interest and fees. After the draw period, they had 15 years in which to repay the total principal, interest, and fees accrued. If the Richemonds missed a payment, Bank could accelerate the debt.

From July 2006 to September 2006, the Richemonds made draws on the credit line totaling over $193,000. In October 2006, they refinanced the first mortgage on their residence with a $415,000 loan from Bank and used about half of that refinancing loan to pay off the credit-line account balance. Then, from January 2007 to June 2008, the Richemonds continued making draws and payments on the credit line. They made a final $224,056.35 draw in June 2008 and, over the next few years, made minimum interest payments. But they missed the payment due August 25, 2016.

Bank sent the Richemonds a notice of acceleration on September 8, 2016. The next day, the Richemonds made a final interest payment. In June 2017, Bank sued to foreclose on the Richemonds' home to satisfy the $273,258.61 debt that had accrued from the date of breach. At the non-jury trial, Roumer Richemond testified that, when he refinanced his home's first mortgage with Bank in October 2006, he thought that Bank merged the credit line with the refinancing loan. Therefore, he believed that he only had to make consistent payments on the refinancing loan.

The trial court ruled that, even though the Richemonds breached the HELOC Agreement, it would be unjust to grant a foreclosure. Therefore, it "reformed" the Agreement by vacating all

accrued interest and fees from the date of breach. It then ordered Bank to accept payments on the credit-line balance as it existed at the time of breach and dismissed the case without prejudice. On appeal, Bank argues that such reformation was improper.

## II.

We review an order granting reformation for an abuse of discretion. *Sugar v. Guardianship of Stern*, 109 So. 3d 809, 810 (Fla. 3d DCA 2013). But we review *de novo* whether a document is subject to reformation. *See Megiel-Rollo v. Megiel*, 162 So. 3d 1088, 1094 (Fla. 2d DCA 2015).

"A court of equity may reform a written instrument to the extent that the parties' intentions are not accurately expressed within the instrument due to either a mutual mistake or a unilateral mistake coupled with inequitable conduct by the other party." *Markel Am. Ins. Co. v. Baker*, 152 So. 3d 86, 90 (Fla. 5th DCA 2014). The mistake must have existed at the time the parties reduced the contract to writing. *Canal Ins. Co. v. Hartford Ins. Co.*, 415 So. 2d 1295, 1297 (Fla. 1st DCA 1982). By reforming a document, the court "in no way alters the agreement of the parties" but "only corrects the defective written instrument so that it accurately reflects the true terms of the agreement actually reached." *Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1370 (Fla. 1987).

The trial court reformed the HELOC Agreement in error. It did not find that the Agreement failed to accurately express the parties' intentions or that a mutual or unilateral mistake caused such failure. Therefore, it had no basis to reform the Agreement.

The trial court may have concluded that Roumer Richemond's confusion about merger of the credit line with the refinancing loan warranted reformation. But any mistake resulting from that transaction would have arisen in October 2006—four months *after* execution of the HELOC Agreement. A mistake must exist at the time of the contract's execution to provide a basis for reformation. Therefore, any mistake arising in October 2006 could not warrant reformation of an agreement executed in June 2006.

3

## III.

On appeal, the Richemonds present a tipsy coachman argument,[*] asking us to affirm the trial court's decision as a valid reinstatement of the mortgage. For the reasons discussed below, we cannot affirm on this alternative ground.

A mortgage is reinstated when it "is returned to its pre-default status as an effective instrument." *One 79th St. Ests., Inc. v. Am. Inv. Servs.*, 47 So. 3d 886, 889 (Fla. 3d DCA 2010). A mortgagor may seek reinstatement of a mortgage if he "tenders arrearages" before the mortgagee accelerates the debt. *Id.* at 889 n.4. However, a mortgagee terminates the mortgagor's right to tender arrears by exercising the option to accelerate. *Old Republic Ins. Co. v. Lee*, 507 So. 2d 754, 754–55 (Fla. 5th DCA 1987); *Bowe v. US Bank Nat'l Ass'n*, 260 So. 3d 1189, 1190 (Fla. 5th DCA 2019).

We first note that, even though the trial court claimed to reform the HELOC Agreement, its actions more closely resemble reinstatement of the mortgage. The court essentially reset the parties to a pre-breach state by vacating all accrued interest and fees and allowing the Richemonds to pay on the debt as if they had never breached. Even if the trial court reinstated rather than reformed the Agreement, it did so in error. After the Richemonds breached on August 25, 2016, Bank exercised its option to accelerate the debt on September 8. The Richemonds did not make a payment until September 9. Even assuming that the Richemonds tendered all arrears on September 9, they did so too late. Their right to tender arrears terminated the day before, when Bank accelerated the debt. Therefore, they could not seek reinstatement, and the court erred insofar as it granted them such a remedy.

REVERSED and REMANDED for further proceedings.

---

[*] The tipsy coachman doctrine "allows an appellate court to affirm a trial court that reaches the right result, but for the wrong reasons so long as there is any basis which would support the judgment in the record." *Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (internal quotation marks omitted).

4

MAKAR and KILBANE, JJ., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————