BARKDULL, Chief Judge.
Appellant, defendant in the trial court, appeals an adverse summary judgment. It appears, from the record, that the appellant entered into a contract to purchase certain real property from the appellees for a total purchase price of $160,000.00, payable $13,-000.00 in cash and the balance to be represented by an outstanding first mortgage and the execution of a purchase money second mortgage. At the time of the closing of the transaction, the appellant-purchaser took the sum of $4,048.84 as a credit against the $13,000.00 cash portion of the purchase, which represented a proration on the outstanding real estate taxes for the current year. Subsequently, the purchaser defaulted, both in the payment of the taxes and in the execution of the purchase money second mortgage. Thereafter, in the instant action, the appellees sought recovery of the credit portion of the cash proceeds represented by the proration of the taxes, because of the appellant’s default in the failure to pay said taxes. The appellant-defendant answered with a general denial, except admitting the prorations, and urging as an affirmative defense that because the provisions relative to the payment of the taxes was included in the purchase money mortgage it was, in effect, a merger and the sellers had no cause of action.
Subsequent to the cause being at issue, both parties moved for a summary judgment. In opposition to the plaintiffs’ summary judgment, the defendant filed affidavits which attempted to raise defenses not presented in his answer, which was not a proper method of urging affirmative de *477 fenses. See: Fink v. Powsner, Fla.App. 1958, 108 So.2d 324; 25 Fla.Jur., Pleadings, §§ 77, 78; Rule 1.8(d), Florida Rules of Civil Procedure, 30 F.S.A. The trial judge entered the summary judgment for the exact amount of the proration credit given the purchaser as against the cash purchase price at the time of the sale, and no error has been demonstrated by the appellant in the entry of this summary judgment. Therefore, the judgment here under review is affirmed.
Affirmed.