DOWNEY, Chief Judge.
In consideration for the appellee’s, The First National Bank of Chicago, extending credit to Kuch and Watson, Inc., an Illinois corporation, appellant, George T. Watson, executed a guaranty agreement guaranteeing repayment of any sums due from Kuch and Watson, Inc., to appellee. When Kuch and Watson, Inc., failed to pay the sum of $28,116.62 due the Bank appellee filed suit on the guaranty agreement.
Appellee’s complaint simply alleged the extension of credit in consideration of the guaranty agreement and that $28,116.62 was due and owing thereon and that the principal debtor, Kuch and Watson, Inc., had failed to make payment. Appellant filed an answer generally denying the allegations of the complaint and affirmatively alleging that no interest was due. After a non-jury trial the trial court entered judgment for the appellee for $28,116.62, plus costs of $137.00. No interest was provided for in said judgment.
Appellant contends the trial court erred because the guaranty agreement and promissory note sued upon were Illinois contracts and their validity and interpretation was governed by the law of Illinois. Therefore, appellant contends appellee was required to plead and prove the law of Illinois and having failed to do so appellee cannot recover.
We believe appellant’s argument is unsound. Either party to this litigation was free to plead and prove the law which was applicable to the contracts in question. Upon the failure to plead any applicable foreign law, it is presumed that any such law is the same as Florida law. Kingston v. Quimby, 80 So.2d 455 (Fla.1955); Movielab, Inc. v. Davis, 217 So.2d 890 (Fla. 3rd DCA 1969).
Appellee has cross appealed the failure of the trial court to grant appellee interest in the final judgment. Resort to the record reflects that the note in question provided for interest to be paid, but the rate thereof was left blank. Appellant successfully objected to any proof by appellee relating to the rate of interest applicable to this note. Our review of the testimony which appellee sought to adduce to prove its *734 entitlement to interest convinces us that the trial court was correct in sustaining appellant’s objections thereto. In many instances the testimony was either not relevant or the witness was not competent to prove the issues. Thus, we find no merit in appellee’s cross appeal.
The judgment appealed from is affirmed.
ANSTEAD and LETTS, JJ., concur.